IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>STATE OF WISCONSIN,<br><br>Plaintiffs,<br>v.<br><br>CONSUMER LAW PROTECTION, LLC, ET AL,<br><br>Defendants. | ) | Case No. 4:22-cv-01243 |

**VARIOUS DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COME NOW Defendants Christopher Carroll, Eduardo Balderas, Premier Reservations Group, LLC, Resort Transfer Group, LLC, Square One Development Group, Inc., Square One Group, LLC, Timeshare Help Source, Consumer Law Protection, LLC, Consumer Rights Council, Farmington Alliance, LLC, Mainline Partners, LLC, and the Jake and Avery Irrevocable Trust (collectively, "Defendants"), by and through undersigned counsel, and for their Motion to Dismiss the Complaint, pursuant to Fed. R. Civ. P. 9(b), 12(b)(2) and 12(b)(6), state the following:

## I. Applicable Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the [nonmoving party]" and must also draw all reasonable inferences in favor of the nonmoving party. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472,

476 (8th Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). In reviewing the Complaint in response to a motion to dismiss for failure to state a claim, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Servs. of Am. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir.2003). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*. 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Claims sounding in fraud must be pled with the heightened particularity required under Rule 9(b). Consumer protection statutes, when sounding in fraud, all require the heightened pleading under Rule 9(b). Multiple courts have found that FTC action's allegations of large-scale, unified consumer deception "sound in fraud," making a heightened pleading standard appropriate. *See, e.g., FTC v. Ivy Capital, Inc.*, 2011 WL 2118626, at *3 (D. Nev. May 25, 2011) ("The instant action 'sounds in fraud,' in that the FTC has alleged that the defendants collectively engaged in a unified course of fraudulent conduct."); *FTC v. Lights of Am., Inc.*, 760 F. Supp. 2d 848, 853 (C.D. Cal. 2010) ("The gravamen of these allegations is that [defendants] engaged in a unified course of fraudulent

conduct. The FTC's omission of the "magic word"—fraud—from its Complaint does not detract from the apparently fraudulent nature of the allegations."); *see also FTC v. Swish Mktg.*, 2010 WL 653486, at *4 (N.D. Cal. Feb. 22, 2010) ("The gravamen of the Complaint is that [defendant] and its agents—motivated by the potential to profit—hoodwinked [consumers].... The general applicability of Rule 9(b) to section 5 actions is a real prospect."); *FTC v. Wellness Support Network, Inc.*, 2011 WL 1303419, at *9 (N.D. Cal. Apr. 4, 2011) (finding reasoning of *Swish Mktg* "persuasive"); *Fed. Trade Comm'n v. Am. Precious Metals, LLC*, 2012 WL 13114034, at *4 (S.D. Fla. Apr. 12, 2012).

The same holds true for the Wisconsin allegations – particularly when alleging violation of the **Fraudulent** Misrepresentation Law, Wis. Stat. Sec. 100.18. As to the similar Missouri consumer statutes, district courts have applied the heightened standard of Rule 9(b). *See, e.g., Lavender v. Wolpoff & Abramson, L.L.P.,* 2007 WL 2507752, at *2 (W.D.Mo. Aug. 30, 2007) (quoting *Courchene v. Citibank N.A.,* 2006 WL 2192110, at *2 (W.D.Mo. Aug. 1, 2006)); *Owen v. General Motors Corp.,* 2006 WL 2808632, at *7-*8 (W.D.Mo. Sept. 28, 2006); *Mattingly v. Medtronic, Inc.,* 466 F.Supp.2d 1170, 1173-74 (E.D.Mo.2006); *Baryo v. Philip Morris USA, Inc.,* 435 F.Supp.2d 961, 968 (W.D.Mo.2006*); Metcalf v. Lowe's Home Centers, Inc.,* No. 4:09-CV-14 CAS, 2010 WL 1221855, at *2 (E.D. Mo. Mar. 30, 2010).

Rule 9(b) states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). "In other words, Rule 9(b) requires plaintiffs [alleging fraud] to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Vang v. PNC Mortg., Inc.*, 517 F. App'x 523, 527 (8th Cir. 2013). "This requires that pleadings "state the 'specific content of

the false representations as well as the identities of the parties to the misrepresentation.'" *Triad Grp., Inc. v. Vi-Jon, Inc.*, 2012 WL 73194, at *1 (E.D. Wis. Jan. 10, 2012). *See also RxUSA, Inc. v. Cap. Returns, Inc.*, 2007 WL 2712958, at *7 (E.D. Wis. Sept. 14, 2007) ("Moreover, with the exception of the beginning date of the parties' correspondence, the Complaint does not provide specific dates of the alleged fraudulent misrepresentations."); *Lachmund v. ADM Investor Servs., Inc.,* 191 F.3d 777, 785 (7th Cir.1999) (holding that under Rule 9(b)'s pleading requirements a plaintiff must specify the times of the allegedly fraudulent allegations); *Eromon v. Grand Auto Sales, Inc.,* 351 F.Supp.2d 825, 828 (N.D.Ill.2004) (holding "[t]he heightened standard requires more than an allegation that the fraud occurred sometime during a period of months or years").

## II. The Wisconsin Claims Are Fatally Flawed For Multiple Reasons.

### A. The Wisconsin Claims Cannot Be Filed by the Wisconsin Department of Justice in a Federal District Court.

The Wisconsin Fraudulent Representations statute that the Wisconsin Department of Justice ("WDoJ") relies upon in filing Count VII provides, in relevant part:

> (4)(d) The department or the department of justice, after consulting with the department, or any district attorney, upon informing the department, **may commence an action in circuit court** in the name of the state to restrain by temporary or permanent injunction any violation of this section. . . .

Wis. Stat. § 100.18 (emphasis added). Similarly, the methods of competition and trade practices statute that the State relies upon in filing Counts IV, V, and VI provides, in relevant part:

> (6) The department **may commence an action in circuit court** in the name of the state to restrain by temporary or permanent injunction the violation of s. 100.70 or any order issued under this section. . . .

Wis. Stat. Ann. § 100.20 (emphasis added). These statutes, by their own terms, authorize the WDoJ to file an action in a Wisconsin Circuit Court, not for it to file a federal action in a U.S. District Court. *Cf. State v. Balistreri*, 87 Wis. 2d 1, 4–5, 274 N.W.2d 269, 270 (Ct. App. 1978) (holding that criminal action brought under sec. 100.26(3), unlike injunctive action under 100.20(6), which must be brought in circuit court, could be brought in Wisconsin county court).[1] No authority cited in the Complaint authorizes the WDoJ to file suit in a federal court based on violations of these state statutes.

While the Complaint alleges the concept of supplemental jurisdiction, this is not just a jurisdictional issue. The WDoJ's statutory authority to file this civil suit is limited to state circuit court. The WDoJ has exceeded its statutory authority in bringing this suit outside of the state circuit court and the Complaint provides no justification.

### B. The Court Should Decline to Exercise Supplemental Jurisdiction over the Wisconsin State Law Claims.

A federal court may exercise supplemental jurisdiction over a claim where it is "so related to the claims in the action with [the Court's] original jurisdiction that" it forms "part of the same case or controversy under Article III of the" Constitution. 28 U.S.C. § 1367(a). However, "district courts may decline to exercise supplemental jurisdiction over a claim ... if the claim raises a novel or complex issue of State law... or where the claim substantially predominates over the claim or claims over which the district court has original

---

[1] Unlike the issue considered in *Wong v. Minnesota Dept. of Human Services*, 820 F.3d 922, 932 (8th Cir. 2016), this case does not involve an attempt to limit an existing basis for federal jurisdiction to review an administrative decision on constitutional grounds, but instead the question of where, and under what circumstances, the Wisconsin Department of Justice is authorized to exercise a limited grant of statutory authority. Other than as authorized in the relevant statutes, the Wisconsin Department of Justice is not authorized to seek the relief sought.

jurisdiction….” *Id.* § 1367(c)(1) and (2). “The Court’s exercise of its power to decline supplemental jurisdiction is discretionary.” *Free the Nipple-Springfield Residents Promoting Equal. v. City of Springfield*, 153 F. Supp. 3d 1037, 1043 (W.D. Mo. 2015) (declining to exercise supplemental jurisdiction where “evaluating the alleged conflict between [an ordinance and a state statute] requires a court to determine the meaning of words in both laws” and “[t]here is no case law to guide the Court in this matter” and “requires a Court to provide a definitive interpretation of both the ordinance and the statute” that “would not bind the state courts”) (citing, *e.g., Innovative Home Health Care, Inc. v. P.T.–O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1287–88 (8th Cir. 1998)).

Federal courts may exercise:

> the power to refrain from hearing cases that would interfere with a pending state criminal proceeding, or with certain types of state civil proceedings, cases in which the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law, cases raising issues “intimately involved with [the States'] sovereign prerogative,” the proper adjudication of which might be impaired by unsettled questions of state law… and cases which are duplicative of a pending state proceeding.

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716–17 (1996) (citing, *e.g., Younger v. Harris*, 401 U.S. 37 (1971); *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975); *Juidice v. Vail*, 430 U.S. 327 (1977); *see Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941).

Here, the issues raised by the Wisconsin counts of the Complaint (Counts IV, V, VI, and VII) raise novel and complex issues of state law, (including the lack of particularity and statute of limitations for the Wisconsin Counts) and the application of a number of Wisconsin regulatory statutes, regulations and remedies, that will substantially predominate over the FTC claims over which this Court has original jurisdiction. Most importantly, as stated above, whether the WDoJ has statutory authority to proceed in

federal court at all – of unique concern and sensitivity to the State - is an issue that most certainly ought to be resolved in state court. "§ 1367(c)(1)'s novelty and complexity requirements are separate tests -- that is, 'novel or complex' is disjunctive, so it should not be read as 'novel and complex.'" *Favela v. City of Las Cruces*, 431 F. Supp. 3d 1255, 1274 n. 10 (D.N.M. 2020). "[E]very litigant who brings supplemental claims in court knowingly risks the dismissal of those claims." *Ameritox, Ltd. v. Millennium Lab'ys, Inc.,* 803 F.3d 518, 539 (11th Cir. 2015).

**C. The Wisconsin Allegations Lack the Required Particularity Under Rule 9(b).**

The Wisconsin allegations are fatally lacking in particularity. Though the Complaint provides plenty of information regarding the Wisconsin statutes involved, it is almost completely devoid of prohibited conduct occurring in the State. Paragraph 43 alleges "Defendants have mailed these flyers to consumers in Wisconsin and other states across the United States." Paragraph 46 alleges "Defendants have conducted these presentations in Wisconsin, Missouri, and other states across the U.S.", though there are many, neither paragraph identifies which defendants. Neither paragraph identifies any location other than "Wisconsin." Neither paragraph identifies any time frame (particularly important since Wisconsin has only a three year statute of limitations).

Rule 9(b) requires "the who, what, when, where, and how." *Eromon v. Grand Auto Sales, Inc.,* 351 F.Supp.2d 825, 828 (N.D.Ill. 2004). But as to what occurred in Wisconsin, the Complaint is woefully lacking. As the "when," "[t]he heightened standard requires more than an allegation that the fraud occurred sometime during a period of months or years," *id.*, yet the Complaint as to Wisconsin supplies no time frames at all.

Likewise, there is no allegation in the Complaint related to Wisconsin that ever gives any identification of the "who" except for the very broad term "Defendants." "A complaint constitutes an impermissible shotgun pleading if it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.,* 953 F.3d 707, 732 (11th Cir. 2020). "The 'particularity' required by Rule 9(b) also disallows collectivized or group allegations; plaintiffs must delineate which defendant is responsible for which allegedly fraudulent activity." *Bannon v. PHH Mortg. Corp.,*, 2022 WL 4588416, at *2 (S.D. Tex. Sept. 29, 2022).

Finally, the elements of a DTPA claim under Wis. Stat § 100.18 are: "1) that the defendant made a representation to the public with the intent to induce an obligation; 2) that the representation was untrue, deceptive or misleading; and 3) that the representation caused the plaintiff a pecuniary loss." The imposition of civil penalties, as requested in the Complaint, for violations of section 100.20 apply only to any person who "**intentionally refuses, neglects or fails to obey** any regulation or order made or issued under" section 100.20. Wis. Stat. Ann. § 100.26 (emphasis added).

The Complaint fails to properly plead, in a nonconclusory manner with respect to any Defendants, the elements of these Wisconsin claims. The Complaint fails to allege the required elements of knowledge or intent. Similarly, rather than plead specific facts to support the existence of a pecuniary loss, the Complaint offers only the threadbare, conclusory recital that "Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendants' violations" of the cited laws and regulations.

Complaint at 28. Rather than plead any facts to establish knowledge or intent the Complaint merely repeatedly alleges in very conclusory fashion "the Defendants have violated Wis. Admin. Code §§ ATCP 127.50 and 127.78 by providing knowing assistance to the other Defendants' violations of" the regulations at issue. In fact, there is only one allegation of knowledge in the Complaint – the conclusory allegation in Paragraph 81: "Defendants have knowledge or knowledge fairly implied regarding the Cooling-Off Rule and similar laws." Not only is it generally conclusory, but it also employs the improper group allegation – "Defendants."[2] Additionally, there is no allegation about any Defendants' "intent." These threadbare, conclusory recitals are insufficient to state a claim against the Defendants.[3]

---

[2] "A complaint constitutes an impermissible shotgun pleading if it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.,* 953 F.3d 707, 732 (11th Cir. 2020). "The 'particularity' required by Rule 9(b) also disallows collectivized or group allegations; plaintiffs must delineate which defendant is responsible for which allegedly fraudulent activity." *Bannon v. PHH Mortg. Corp.*,, 2022 WL 4588416, at *2 (S.D. Tex. Sept. 29, 2022).

[3] As one district court has found with regard to similar group allegations:

> The Court agrees with Defendants that the facts alleged by Relator in support of his FCA claims lack adequate detail to proceed as pled. *See* D.E. 61-1 at 12-24, 32-36, 39; D.E. 56-1 at 20-22. **First, as to the "who," Relator's factual allegations throughout the amended complaint are almost universally alleged against all Defendants, without further distinction. D.E. 56-1 at 21. *See Galicki v. New Jersey*, No. CIV.A. 14-169 JLL, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015) ("conclusory allegations against Defendants as a group" are insufficient to survive a motion to dismiss). . . . As to the "when," Relator merely alleges that the "scheme" amongst all Defendants began "at least as early as 2016 and continues to the present."** D.E. 29 ¶ 10. Finally, as to the "where," Relator's amended complaint fails to contain any specific information as to where any agreement was entered, or any sale or delivery took place.

*United States v. Bracco USA, Inc.*, 2022 WL 17959578, at *6 (D.N.J. Dec. 27, 2022) (emphases added).

Clearly the Wisconsin Counts have no particularly at all, let alone necessary for Rule 9(b).

**III. There Is No Particularity Pled as to Multiple Defendants.**

Neither Chris Carroll nor Eddie Balderas are mentioned in a single allegation contained within the allegations regarding "Defendants' Business Activities." Instead, every allegation of alleged wrongdoing merely refers to "Defendants" without any identification of "who." In fact, Balderas is only mention in one singular paragraph in the entire Complaint. *See* Complaint ¶¶ 26, 27. Those paragraphs are clearly conclusory, lacking in any specificity and cannot possibly meet the particularity requirements of Rule 9(b). "A complaint constitutes an impermissible shotgun pleading if it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.,* 953 F.3d 707, 732 (11th Cir. 2020). "The "particularity" required by Rule 9(b) also disallows collectivized or group allegations; plaintiffs must delineate which defendant is responsible for which allegedly fraudulent activity." *Bannon v. PHH Mortg. Corp.,* 2022 WL 4588416, at *2 (S.D. Tex. Sept. 29, 2022)

As to Carroll, the allegations of possible wrongdoing come only from Paragraphs 17 and 25. Paragraph 17 alleges no more than Carroll was a manager of Farmington and the subsidiaries. Paragraph 25 alleges:

> Defendant **Christopher Carroll** is or has been an owner, officer, director, member, and/or manager of Corporate Defendants. At all times relevant to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint."

Plaintiff's use of the disjunctive "or" means that all they have committed to alleging is that Carroll "had the authority to control... the acts and practices set forth in this Complaint," without alleging knowledge of the practices at issue. Even if these allegations were not fatally conclusory—and they are—the little the Complaint alleges is insufficient to state a claim against the individual Defendants.

Additionally, liability of individual defendants under the FTC Act "for the corporate defendant's violations" can be found only if the FTC demonstrates that "(1) the corporate defendant violated the FTC Act; (2) the individual defendants participated directly in the wrongful acts or practices or the individual defendants had authority to control the corporate defendants; and (3) the individual defendants had some knowledge of the wrongful acts or practices." *F.T.C. v. PayDay Fin. LLC*, 989 F. Supp. 2d 799, 809–10 (D.S.D. 2013) (quoting *F.T.C. v. Nat'l Urological Grp., Inc*., 645 F.Supp.2d 1167, 1207 (N.D.Ga. 2008)) (citation omitted). "To satisfy the knowledge requirement, the FTC must establish that the individual defendant either: (1) had actual knowledge of the wrongful acts or practices; (2) was recklessly indifferent to whether or not the corporate acts or practices were fraudulent; or (3) had an awareness of a high probability that the corporation was engaged in fraudulent practices along with an intentional avoidance of the truth." *PayDay Fin, LLC*, 989 F. Supp. 2d 810 (quoting *F.T.C. v. J.K. Publ'ns, Inc*., 99 F.Supp.2d 1176, 1204 (C.D.Cal. 2000)).[4] The allegations directed to individuals contain only

[4] Plaintiffs cannot hold the Defendants liable for the actions of the company through a theory of vicarious liability. "It is well established that traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment." *Meyer v. Holley*, 537 U.S. 280, 285 (2003). "A corporate employee typically acts on behalf of the corporation, not its owner or officer." *Id.*, at 286 (holding the Fair Housing Act, which creates a cause of action "against any person who directs or controls, or has the right to direct or control, the conduct

conclusory statements and no specific factual allegations that allege personal involvement in the alleged actions. Plaintiff has failed to make any factual allegations regarding any specific individual acts individual Defendants took which could be considered unlawful practices under the statute. Even if the Complaint could be read to allege that the Corporate Defendants, to whom Carroll is alleged to have had managerial and supervisory responsibilities, have engaged in unlawful acts pursuant to the FTC Act or the Wisconsin statutes, Plaintiff does not plead with sufficient factual detail that Carroll, as an individual, directed, participated in, or engaged in such actions. For example, Plaintiff does not explain how having a corporate title or being a "signatory on Corporate Defendants' bank accounts" has any meaningful relationship to the requisite knowledge, participation, or control in the alleged practices at issue to establish the Carroll's personal direction, participation, or engagement in the company's alleged unfair practices.

As mentioned above, there is only one allegation of knowledge in the Complaint – the conclusory allegation in Paragraph 81: "Defendants have knowledge or knowledge fairly implied regarding the Cooling-Off Rule and similar laws." Not only is it generally conclusory, but it also employs the improper group allegation – "Defendants." Additionally, there is no allegation at all about any Defendants' "intent." These threadbare, conclusory recitals are insufficient to state a claim against the Defendants.

---

of another person with respect to any aspect of the sale ... of dwellings," provides for traditional vicarious liability and does not allow corporate officers to be held personally liable).

Paragraph 30, the sole common enterprise allegation could not be anymore conclusory. Adding the fact that the vast majority of allegations is only agains the group "Defendants" and the Complaint screams of lack of particularity.

Additionally, as to the Jake and Avery Trust, there are no allegations of anyone employed by the trust taking any actions whatsoever.

### A. Lack of Particularity Exists as to All Defendants Regarding the "When" and "Where."

Paragraph 42 reads in part, "[s]ince at least 2018, Defendants have engaged in a scheme . . ." **That is the only time frame provided in the entire Complaint** regarding when any of the alleged conduct would have occurred. Yet, 15 U.S.C. § 57b(d) provides for only a three year statute of limitations. Consequently, if alleged bad acts only occurred in 2018 or even most of 2019, the statute has run. This highlights the need for particularity of "when." As does the fact that the Complaint alleges that half the Corporate Defendants did not even exist before Fall 2019.

There can be no debate, with this broad singular date (a year, but no month or day), there is a complete lack of particularity as to the "when." "T]he heightened standard requires more than an allegation that the fraud occurred sometime during a period of months or years," *Eromon*, 351 F.Supp.2d at 828. *See also U.S. ex rel. Vosika v. Starkey Lab'ys, Inc.*, 2004 WL 345432, at *2 (D. Minn. Feb. 20, 2004) ("Plaintiffs have not stated the specific timing of Starkey's alleged lower-priced sales to its two other customers, the number of allegedly lower-priced sales that occurred, the timing of the alleged submissions of false claims to the government, or the identity of the employees responsible for the allegedly fraudulent claims to the government. Without this information, the Defendants are left unable to respond with documents and witnesses to testify as to whether such

incidents occurred."). "The striking lack of dates in a complaint otherwise replete with detail raises concern that inclusion of dates might implicate statute of limitations issues." *Natkin v. Am. Osteopathic Ass'n*, 2018 WL 452165, at *18 (D. Or. Jan. 17, 2018).

Similarly, the only identified locations of the alleged misconduct is "throughout the United States" or "Wisconsin and other states." **In essence, the allegations tell Defendants no more than that unidentified defendants at some unknown time and unknown location, did bad things. In no way can that be sufficient under Rule 9(b).**

### B. Lack of Particularity as to "When" Also Requires Dismissal Under the Statute of Limitations.

Because the FTC statute of limitations is only three years, there are no allegations of wrongdoing within the three year period. Therefore, the Complaint must be dismissed. The Wisconsin statute, §100.18 also has a three year statute of limitations. "Dismissal may be appropriate, however, where 'the existence of a valid affirmative defense is so obvious from the face of the complaint that the suit can be regarded as frivolous.'" *Burrell v. Chicago Hous. Auth.,* 2005 WL 2007155, at *6 (N.D. Ill. Aug. 22, 2005).

### C. Claims Against the Jake and Avery Irrevocable Trust Predicated on Alter Ego Are Based on Mere Conclusory Allegations and Must Fail.

"Conclusory allegations of alter ego status will not survive a motion to dismiss." *Maganallez v. Hilltop Lending Corp.,* 505 F.Supp.2d 594, 607 (N.D.Cal. 2007). Under Missouri law, the requisite proof for establishing a piercing claim requires:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

> (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Meadowfresh Sols. USA, LLC v. Maple Grove Farms, LLC*, 606 S.W.3d 193, 204 (Mo. App. 2020) (quoting *Collet v. American Nat'l Stores, Inc*., 708 S.W.3d 273, 284 (Mo. App. 1986)).

Here the Complaint makes entirely conclusory allegations of alter ego at Paragraph 21. *See* Complaint, ¶ 21. These allegations are conclusory and fail to allege in any respect the necessary elements of: 1) complete domination of finances, policy and business practice by the any Defendants in respect to the transaction attacked; 2) use of that control by the any Defendants "to commit fraud or wrong, to perpetrate the violation of statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights"; and 3) proximate causation of loss or injury arising from that control.

Moreover, the alter ego allegations are based on "information and belief." "Allegations pleaded on information and belief usually do not meet Rule 9(b)'s particularity requirement." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009); *Stiriling v. Ramsey*, 2018 WL 3489592, at *3 (E.D. Mo. July 19, 2018). The Complaint never mentions the Trust beyond Paragraph 24 and fails to state any claim against the Trust based on a theory of alter ego.

For all the above reasons, Defendants respectfully move to dismiss Counts I, II, III, IV, V, VI, and VII of Plaintiff's Complaint.

Dated: February 8, 2023

Respectfully submitted,

**DOWD BENNETT LLP**

By: /s/ James G. Martin
James G. Martin, #33586
James B. Martin, #70219
7676 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
Telephone: (314) 889-7300
Facsimile: (314) 863-2111
jmartin@dowdbennett.com
jbmartin@dowdbennett.com

*Attorneys for Defendants Christopher Carroll, Eduardo Balderas, Premier Reservations Group, LLC, Resort Transfer Group, LLC, also doing business as Consumer Law Protection Lawyers, Square One Development Group, Inc., also doing business as Square One Group, Square One Group, LLC, Consumer Law Protection, LLC, Timeshare Help Source, Consumer Rights Council, Farmington Allegiance, LLC, Mainline Partners, LLC, and the Jake and Avery Irrevocable Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2023 the foregoing was filed with the Clerk of the Court through the Court's electronic case filing system, which by operation will serve notice of such filing upon all counsel of record.

/s/ James G. Martin