IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF WISCONSIN, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:22-cv-01243 |
| v. | ) | |
| | ) | |
| CONSUMER LAW PROTECTION, LLC, ET AL, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SCOTT JACKSON'S**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COMES NOW Defendant Scott Jackson, by and through undersigned counsel, and for his Motion to Dismiss the Complaint, pursuant to Fed. R. Civ. P. 8 (a)(2), 9(b), and 12(b)(6), states the following:

1. Plaintiffs, the United States of America and the State of Wisconsin, filed their Complaint on or about November 21, 2022 and allege counts for: (a) violations of Section 5 of the Federal Trade Commission Act ("FTC Act"); (b) unfair business practices in violation of Sections 5(a) and (n) of the FTC Act; (c) violation of the rule concerning cooling-off period for sales made at home or at certain other locations; (d) misrepresentation in violation of Wis. Admin. Code §ATCP ch. 127; (e) failure to comply with the three-day right to cancel law in connection with direct marketing transactions in violation of Wis. Admin. Code §ATCP ch. 127; (f) failure to make opening disclosures in violation of Wis. Admin. Code §ATCP ch. 127; and (g) fraudulent misrepresentation in violation of Wis. Stat. §100.18(1).

2. Defendant Jackson files this Motion to Dismiss under Rule 12(b)(6) because Plaintiffs have failed to state a claim upon which relief may be granted in that: (a) the Complaint does not comply with Rule 8(a)(2) in that it does not set forth a short and plain statement of what acts were performed by Defendant Jackson upon which Plaintiffs rely for any of their claims; and (b) the only allegations specifically referencing Defendant Jackson are conclusory in nature and fail to provide Defendant with sufficient facts to enable him to file an answer and (c) to the extent that the Court finds that Rule 9(b) applies to the claims asserted herein, the Complaint does not comply with Rule 9(b) in that it does not state with particularity the actions or omissions of Defendant Jackson.

3. The only paragraph in the entire Complaint that mentions Defendant Jackson by name is paragraph 28 which states:

> 28. Defendant Scott Jackson is or has been an owner, officer, director, member, and/or manager of the Subsidiaries. At all times relevant to this Complaint, acting alone or in concert with others, Jackson has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Jackson maintains the title of Director and Vice President of Square One Group, LLC and CLP. Jackson manages sales teams and is regularly present at timeshare exit sales presentations with consumers. Jackson regularly is present at Corporate Defendants' business premises and directs day-to-day business operations. He routinely responds to consumer complaints. Jackson resides in this District, and in connection with the matters alleged herein, transacts, or has transacted business in this District and throughout the United States.

4. The allegations contained in this paragraph are nothing more than conclusory statements which lack any factual support.

5. In reviewing a Complaint on a Motion to Dismiss, courts are "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." <u>Farm Credit Services of America v. American State Bank</u>, 339 F.3d 764, 767 (8th Cir.2003).

6. Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

7. "To comply with Rule 8, a complaint must clearly and concisely state which defendants are liable for which wrongs based on which facts." Federal Trade Commission v. Ivy Capital, Inc., 2011 WL 2118626, at 2 (D. Nev. 2011).

8. In this case, Plaintiffs have failed to allege what actions Defendant Jackson took, what facts they are relying upon to assert liability against Defendant Jackson or when any of the alleged conduct took place. As a result, the Complaint is woefully inadequate to meet the requirements of Rule 8 and inform Defendant Jackson of the nature of the complaints against him in order to allow him to formulate an answer.

9. In addition, a "complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." Boggs v. American Optical Co., 2015 WL 300509 at 2 (E.D. Mo. 2015); *see* also Tatone v. SunTrust Mortgage, Inc., 857 F.Supp.2d 821, 831 (D. Minn. 2012).

10. In this case, Plaintiffs' Complaint fails to differentiate between the defendants and simply relies on general pleadings that reference "defendants." This is insufficient to state a claim for relief because it does not provide notice to Defendant Jackson of the grounds for the claims asserted against him.

11. To the extent that the Court finds that the claims asserted in the Complaint are subject to the heightened pleading requirements of Rule 9(b), as they all sound in tort, the allegations fail to meet such requirements as they fail to identify: (a) the date of the

representation(s); (b) which specific representations were made by Defendant Jackson; (c) the factual basis to indicate that Defendant Jackson had the authority to control the representations made; (d) the location where the representations were made; and (e) **the factual basis** to indicate that Defendant Jackson knew the representations were false or was recklessly indifferent to their truth or falsity.

12. The Complaint fails to set forth any facts sufficient to meet these requirements. As a result, the Complaint fails to comply with the heightened pleading requirements of Rule 9(b).

WHEREFORE, for all these reasons as well as those set forth in Defendant Jackson's Memorandum in Support of Motion to Dismiss filed herewith, Defendant Jackson prays this Court to grant and sustain his Motion to Dismiss and issue such other and further orders as this Court may deem just and proper under the circumstances.

HOCKENSMITH McKINNIS HAMILL, P.C.

/s/ Paul C. Hamill
PAUL C. HAMILL #48450
12801 Flushing Meadows Drive, Suite 101
Saint Louis, Missouri 63131
(314) 965-2255
Email: hamill@hmhpc.com
Attorney for Defendant Scott Jackson

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the foregoing was served upon all parties by means of the Court's electronic filing system on this 9th day of February, 2023.

/s/ Paul C. Hamill