IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>STATE OF WISCONSIN,<br><br>Plaintiffs,<br>v.<br><br>CONSUMER LAW PROTECTION, LLC, ET AL,<br><br><br>Defendants. | ) | Case No. 4:22-cv-01243 |

**DEFENDANT SCOTT JACKSON'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COMES NOW Defendant Scott Jackson, by and through undersigned counsel, and for his Memorandum in Support of his Motion to Dismiss the Complaint, pursuant to Fed. R. Civ. P. 8(a)(2), 9(b), and 12(b)(6), states the following:

## I. Applicable Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the [nonmoving party]" and must also draw all reasonable inferences in favor of the nonmoving party. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). In reviewing the Complaint in response to a motion to dismiss for failure to state a claim, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Servs. of Am. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir.2003). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly* at 555. *See also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In addition to the requirements of Rule 8, some courts have held that claims asserting consumer protection violations by the FTC are required to meet the heightened pleading standards contained in Rule 9(b). *See F.T.C. v. Lights of America, Inc.*, 760 F.Supp.2d 848, 854 (C.D. Cal. 2010) ["Thus, the allegations underlying the FTC's claim for violation of the FTC Act are analogous to allegations underlying claims for negligent misrepresentation. Accordingly, the Court finds that Rule 9(b) applies to claims for violation of the FTC Act…"]; *see* also *Federal Trade Commission. Ivy Capital, Inc.*, 2011 WL 2118626, at 3 (D. Nev. 2011) ["Although the FTC is correct in stating that *Lights of America* is not binding precedent on this court, neither party has cited any binding precedent on this issue. Accordingly, evaluating the arguments on both sides, the court finds the *Lights of America* holding persuasive. The instant action sounds in fraud in that the FTC has alleged that the defendants collectively engaged in a unified course of fraudulent conduct, which forms the entire basis of the claims alleged. The FTC's

arguments are unpersuasive… Accordingly, the court applies the heightened pleading standard of Rule 9(b) in evaluating the instant motions to dismiss"].

While this precise issue has not been addressed in this circuit and there is a split in authority, Defendant Jackson believes that the authority requiring such claims to meet the requirements of Rule 9(b) is sound because the consumer protection claims asserted herein are akin to negligent misrepresentation claims. *See Lights of America*, at 854. Moreover, Missouri district courts have routinely found that the heightened pleading standard of Rule 9(b) applies to consumer protection statutes such as the Missouri Merchandising Practices Act. *See Lavender v. Wolpoff & Abramson, L.L.P.*, 2007 WL 250752 at 2 (W.D. Mo. 2007; *Mattingly v. Medtronic, Inc.*, 466 F.Supp.2d 1170, 1173-1174 (E.D. Mo. 2006); *Owen v. General Motors Corp*., 2006 WL 2808632 at 7 (W.D. Mo. 2006).

Rule 9(b) states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). "In other words, Rule 9(b) requires plaintiffs [alleging fraud] to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Vang v. PNC Mortg., Inc*., 517 F. App'x 523, 527 (8th Cir. 2013). "This requires that pleadings "state the 'specific content of the false representations as well as the identities of the parties to the misrepresentation.'" *Triad Grp., Inc. v. Vi-Jon, Inc*., 2012 WL 73194, at *1 (E.D. Wis. Jan. 10, 2012). *See also RxUSA, Inc. v. Cap. Returns, Inc*., 2007 WL 2712958, at *7 (E.D. Wis. Sept. 14, 2007) ("Moreover, with the exception of the beginning date of the parties' correspondence, the Complaint does not provide specific dates of the alleged fraudulent misrepresentations."); *Lachmund v. ADM Investor Servs., Inc.,* 191 F.3d 777, 785 (7th Cir.1999) (holding that under Rule 9(b)'s pleading requirements a plaintiff must specify the times of the allegedly

fraudulent allegations); *Eromon v. Grand Auto Sales, Inc.*, 351 F.Supp.2d 825, 828 (N.D.Ill.2004) (holding "[t]he heightened standard requires more than an allegation that the fraud occurred sometime during a period of months or years").

## II. The Complaint Fails to Comply with Rule 8.

With respect to Defendant Jackson, the Complaint fails to comply with Rule 8 in that it fails to set out a short and plain statement of the facts entitling Plaintiffs to relief against Defendant Jackson. The only allegation in the entire Complaint which specifically names Defendant Jackson is paragraph 28 which states as follows:

> 28. Defendant **Scott Jackson** is or has been an owner, officer, director, member, and/or manager of the Subsidiaries. At all times relevant to this Complaint, acting alone or in concert with others, Jackson has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Jackson maintains the title of Director and Vice President of Square One Group, LLC and CLP. Jackson manages sales teams and is regularly present at timeshare exit sales presentations with consumers. Jackson regularly is present at Corporate Defendants' business premises and directs day-to-day business operations. He routinely responds to consumer complaints. Jackson resides in this District, and in connection with the matters alleged herein, transacts, or has transacted business in this District and throughout the United States.

This paragraph fails to allege any specific facts with regard to anything Defendant Jackson may have done which allegedly violated any of the statutory provisions referenced in the Complaint. In fact, the allegation is nothing more than a string of legal conclusions without any factual support. As set out above, since the Court is free to ignore legal conclusions in the guise of factual statements, there is no basis for a claim against Defendant Jackson set out in the Complaint. *See* Farm Credit Services, at 767. Since Plaintiffs have not pled any facts regarding Defendant Jackson, the Complaint fails to comply with Rule 8(a)(2) and the Court should dismiss the same.

**III. The Complaint Fails to Comply with Rule 9(b).**

The Complaint also fails to comply with Rule 9(b). As set out above, Rule 9(b) requires a heightened level of specificity when pleading claims alleging fraud. In this case, the Plaintiffs have failed to meet this heightened pleading requirement in that they have not alleged any facts to demonstrate any specific actions that Scott Jackson took which allegedly violated any of the statutes referenced in the Complaint. Rule 9(b) requires "the who, what, when, where, and how." *Eromon v. Grand Auto Sales, Inc.,* 351 F.Supp.2d 825, 828 (N.D.Ill. 2004). As to the "when," the rule requires some degree of specificity. "Providing broad time ranges when misrepresentations were made is not sufficient to satisfy Rule 9(b). The heightened standard requires more than an allegation that the fraud occurred sometime during a period of months or years." *Id.* The Complaint fails to meet this heightened standard as it only provides a year after which the alleged conduct took place. Specifically, paragraph 42 of the Complaint contains the only allegation with a reference to time and states:

> 42. Since at least late 2018, Defendants have engaged in a scheme to sell bogus timeshare exit services through direct mail campaigns and in-person sales presentations to consumers throughout the United States.

This is not sufficient to comply with Rule 9(b) as it relates to the "when."

The who, what, where and how are also lacking. The allegations made against Defendant Jackson (Paragraph 28) are nothing more than legal conclusions that fail to provide any factual basis to support any liability on the part of Defendant Jackson. Specifically, Plaintiffs conclude that Defendant Jackson "formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint" but fail to allege any facts to support such claim and fail to allege what, specifically, it is that Defendant Jackson did to violate any of the statutory provisions

referenced in the Complaint. While Plaintiffs conclude that Jackson managed sales teams and was present at timeshare exit sales presentations, they fail to allege any facts to support such conclusions.

Plaintiffs' Complaint is deficient because it fails to allege what, if any, specific representations were made by Defendant Jackson that violated any statute, when any such representation was made, the identities of the parties to the representation, where the representation was made and the fact that Jackson knew or should have known that the representation was false. As a result, the allegations contained in the Complaint are wholly inadequate and do not meet the heightened pleading requirements of Rule 9(b) and prevent Defendant Jackson from formulating a response to the same as it is not clear what, if any, allegations are directed at Defendant Jackson.

**IV. Improper Shotgun Pleading.**

As set out above, Defendant Jackson is only mentioned in a single introductory paragraph in the Complaint and there is no mention of any specific action he took that forms the basis of Plaintiffs' Complaint. *See* Complaint, ¶28. Instead, every allegation of alleged wrongdoing merely refers to "Defendants" without any identification of "who." Those paragraphs are clearly conclusory, lacking in any specificity and cannot possibly meet the particularity requirements of Rule 9(b). "A complaint constitutes an impermissible shotgun pleading if it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020). "The "particularity" required by Rule 9(b) also disallows collectivized or group allegations; plaintiffs must

delineate which defendant is responsible for which allegedly fraudulent activity." *Bannon v. PHH Mortg. Corp.*, 2022 WL 4588416, at *2 (S.D. Tex. Sept. 29, 2022).

Additionally, liability of individual defendants under the FTC Act "for the corporate defendant's violations" can be found only if the FTC demonstrates that "(1) the corporate defendant violated the FTC Act; (2) the individual defendants participated directly in the wrongful acts or practices or the individual defendants had authority to control the corporate defendants; and (3) the individual defendants had some knowledge of the wrongful acts or practices." *F.T.C. v. PayDay Fin. LLC*, 989 F. Supp. 2d 799, 809–10 (D.S.D. 2013) (quoting *F.T.C. v. Nat'l Urological Grp., Inc.*, 645 F.Supp.2d 1167, 1207 (N.D.Ga. 2008)) (citation omitted). "To satisfy the knowledge requirement, the FTC must establish that the individual defendant either: (1) had actual knowledge of the wrongful acts or practices; (2) was recklessly indifferent to whether or not the corporate acts or practices were fraudulent; or (3) had an awareness of a high probability that the corporation was engaged in fraudulent practices along with an intentional avoidance of the truth." *PayDay Fin, LLC*, 989 F. Supp. 2d 810 (quoting *F.T.C. v. J.K. Publ'ns, Inc.*, 99 F.Supp.2d 1176, 1204 (C.D.Cal. 2000)).[1] The allegations directed against Defendant Jackson contain only conclusory statements and no specific factual allegations that allege personal

---

[1] Plaintiffs cannot hold the Defendants liable for the actions of the company through a theory of vicarious liability. "It is well established that traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment." *Meyer v. Holley*, 537 U.S. 280, 285 (2003). "A corporate employee typically acts on behalf of the corporation, not its owner or officer." *Id.*, at 286 (holding the Fair Housing Act, which creates a cause of action "against any person who directs or controls, or has the right to direct or control, the conduct of another person with respect to any aspect of the sale ... of dwellings," provides for traditional vicarious liability and does not allow corporate officers to be held personally liable).

involvement in the alleged actions. Plaintiffs have failed to make factual allegations that Defendant Jackson (1) had knowledge of the wrongful acts or practices; (2) was indifferent to whether or not the corporate acts or practices were fraudulent; or (3) had an awareness of high probability that the company was engage in fraudulent practices with an intentional avoidance of the truth. In short, Plaintiffs have failed to make any specific factual allegations against Defendant Jackson that would confer liability on him for violation of the FTC Act or the Wisconsin consumer protection statutes cited in the Complaint. Even if the Complaint could be read to allege that the Corporate Defendants, over whom Defendant Jackson is alleged to have had some authority to control, have engaged in unlawful acts pursuant to the FTC Act or the Wisconsin statutes, Plaintiff does not plead with sufficient factual detail that Defendant Jackson, as an individual, directed, participated in, or engaged in such actions. For example, Plaintiff does not explain how having a corporate title or being "present at Corporate Defendants' business premises" led to a violation of any statute. Further, Plaintiffs fail to allege any facts to show that Defendant Jackson had the authority to control one or more of the Corporate Defendants. These threadbare, conclusory recitals are insufficient to state a claim against Defendant Jackson.

**Conclusion**

For the foregoing reasons, Defendant Jackson respectfully requests this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

HOCKENSMITH McKINNIS HAMILL, P.C.

/s/ Paul C. Hamill
PAUL C. HAMILL #48450
12801 Flushing Meadows Drive, Suite 101
Saint Louis, Missouri 63131
(314) 965-2255
Email: hamill@hmhpc.com
Attorney for Defendant Scott Jackson

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and accurate copy of the foregoing was served upon all parties by means of the Court's electronic filing system on this 9th day of February, 2023.

/s/ Paul C. Hamill