IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>STATE OF WISCONSIN,<br><br>Plaintiffs,<br>v.<br><br>CONSUMER LAW PROTECTION, LLC, ET AL,<br><br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:22-cv-01243 |

**VARIOUS DEFENDANTS[1] JOINT REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

The Government significantly relies on what it claims is "the Eighth Circuit's previous reasoning that an FTC Act claim is *not* fraud and should not be subject to additional pleading requirements . . . , and that Rule 9(b) only applies to statutory claims that *require* fraud." (Doc. 60 at 6.) However, the Government has misstated Eighth Circuit law and its claim that application of Rule 9(b) "has no support from case law within the Eighth Circuit' (Doc. 60 at 10-11) is blatantly wrong. While it attempts to rely on *NationsMart,* 130 F.3d 309 (8th Cir. 1997), the Government surprisingly ignores multiple more current rulings of the Eighth Circuit and Eastern District of Missouri. Just six months ago, the Honorable Judge Pitlyk addressed the application of Rule 9(b):

---

[1] Defendants Christopher Carroll, Eduardo Balderas, Premier Reservations Group, LLC, Resort Transfer Group, LLC, Square One Development Group, Inc., Square One Group, LLC, Timeshare Help Source, Consumer Law Protection, LLC, Consumer Rights Council, Farmington Allegiance, LLC, Mainline Partners, LLC, and the Jake and Avery Irrevocable Trust (collectively, "Defendants").

> While the sufficiency of a complaint is ordinarily analyzed under the general pleading standard of Federal Rule of Civil Procedure 8, **all claims "grounded in fraud" must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).** *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 (8th Cir. 2015) (citations omitted). Here, Plaintiffs' claims are grounded in fraud, as they are all based on the primary allegation that Defendant's labeling practices are "misleading," Doc. 126 ¶¶ 28, 164, 173, 174, and "deceptive," *id.* ¶¶ 28, 92, 171, 176, 214, 223, 257, 260; and that they constitute "fraud," *id.* ¶¶ 82, "false pretense," *id.* ¶¶ 82, 149, 152, 154, a "false promise," *id.* ¶¶ 82, and "misrepresentation," *id.* ¶¶ 2, 82, 89.

*Moore v. Compass Grp. USA, Inc.,* 2022 WL 4598558, at *8 (E.D. Mo. Sept. 30, 2022) (emphasis added). Though never discussed by the Government, the Eighth Circuit in *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015), as recognized by Judge Pitlyk, specifically held, "[c]laims 'grounded in fraud' must meet this [Rule 9(b)] heightened pleading requirement." In fact, *Streambend* cited *NationsMart*, in support of its holding.[2] *Id.* The Eighth Circuit's "must meet" language could not be more definitive. As Judge Cohen noted three months ago in *Wolf v. Altmann*, 2022 WL 17735541 (E.D.Mo. December 16, 2022), **"[i]t is undisputed** that Rule 9(b)'s heightened pleading requirement applies not only to fraud claims, but to claims that are "grounded in fraud[.]" (emphasis added). That the Government in defending its Complaint has to dispute what courts in this District have clearly stated is undisputed (in case law which any cursory review should have found), speaks volumes as to the flaws of its arguments.

Just as Judge Pitlyk did in *Moore, Streambend* requires a "pleading specific inquiry" to test Rule 9(b)'s application. Just as in *Moore*, the allegations in the Complaint

---

[2] In discussing *NationsMart*, the Eighth Circuit in *Streambend* stated, "In reversing dismissal of the Section 11 and Section 12(a)(2) claims, we concluded that Rule 9(b) did not apply because the complaint "expressly disavow[ed] any claim of fraud in connection with" those claims, and because fraud is not an element of those statutory claims."

are clearly grounded in fraud. In fact, the FTC's Complaint is strikingly similar in its allegations to the "grounded in fraud" allegations identified by Judge Pitlyk in *Moore*. The very first paragraph of the Complaint makes clear that it is "grounded in fraud." There it explicitly states, "[Defendants] have operated a **fraudulent timeshare exit scheme** that primarily targets older adults across the country." (emphasis added). Such an introduction indisputably sounds in fraud. Then, in both Paragraphs 19 and 24, the Complaint alleges the scheme involves "injustice, inequity and **fraud on consumers**." (emphasis added). And, if that were not enough, Count VII is specifically titled "Fraudulent Misrepresentations," and supported not by different or separate allegations, but rather it specifically relies on the previous 95 paragraphs of the Complaint.

In those 95 previous paragraphs, just like in *Moore*, the FTC Complaint also alleges falsity, misrepresentation, misleading statements and representations and deception, and, reincorporates those allegation in each of the counts. (See, e.g., Para 1: "Defendants **falsely** represent" and "Defendants also use **misleading or false tactics**;" Para. 44: "Defendants' fliers make **misleading and false representations**;" Para. 48: "Defendants make **misleading and false representations**" and "represent, **falsely**, that Defendants are "Proud Partners" of these organizations;" Para. 50: "Defendants further claim, **falsely**, that consumers cannot exit;" Para 53: "the salespeople reinforce **the misrepresentations** made in the group presentation and show them **additional misleading information**;" Para 73 "Defendants' **representations are false or misleading**;" Para. 85: "making **false, deceptive and/or misleading representations**;" and see, Para 30, 43, 73, 75, 82, 85, 92 and 97 all alleging "deceptive" practices and Para.

1 and 44 alleging "sham" corporate entities.)(emphasis added throughout). These allegations are exactly like those identified by Judge Pitlyk as "grounded in fraud."

Additionally, the Government's argument that Rule 9(b) does not apply to Wisconsin claims ignores a well-known and major precept of federal procedural law. As Judge Pitlyk noted in *Moore*, **"[i]t is well-settled** that the Federal Rules of Civil Procedure apply in federal court, 'irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Moore v. Compass Grp. USA, Inc., supra.*(emphasis added). The Eighth Circuit has said multiple times, "for state-law claims, this Court applies federal pleading standards ... to the state substantive law to determine if a complaint makes out a claim under state law.' " *Christopherson v. Bushner,* 33 F.4th 495, 499 (8th Cir.)(8th Cir. 2022). See also, *Ambassador Press, Inc. v. Durst Image Tech. U.S., LLC*, 949 F.3d 417, 421 (8th Cir. 2020), *quoting Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013). The Government's reliance on Wisconsin law to avoid pleading particularity is without basis.[3]

---

[3] The Wisconsin allegations are clearly fatally lacking in particularity. Though the Complaint provides plenty of information regarding the Wisconsin statutes involved, it is almost completely devoid of prohibited conduct occurring in the State. Paragraph 43 alleges "Defendants have mailed these flyers to consumers in Wisconsin and other states across the United States." Paragraph 46 alleges "Defendants have conducted these presentations in Wisconsin, Missouri, and other states across the U.S.", though there are many, neither paragraph identifies which defendants. Neither paragraph identifies any location other than "Wisconsin." Neither paragraph identifies any time frame (particularly important since Wisconsin has only a three year statute of limitations). Likewise, there is no allegation in the Complaint related to Wisconsin that ever gives any identification of the "who" except for the very broad term "Defendants." Additionally, the elements of a DTPA claim under Wis. Stat § 100.18 are: "1) that the defendant made a representation to the public with the intent to induce an obligation; 2) that the representation was untrue, deceptive or misleading; and 3) that the representation caused the plaintiff a pecuniary loss." The imposition of civil penalties, as requested in the

**The Complaint Provides No Particularity for the "When"**

Though the Government claims that the Complaint alleges "in exhaustive detail the who, what, when, where, and how of the illegal conduct," (Doc. 60 at 11), its sole defense of the "when" is the assertion – "The Complaint alleges *when* the illegal conduct occurred—'since at least late 2018.'" *Id.* Defendants agree that "since at least late 2018" is the Complaint's lone mention of any "when." That can hardly be "exhaustive detail," and, in all due respect, it is ludicrous to assert that this solitary reference to any time frame could meet the particularity requirements of Rule 9(b).

Demonstrating the true lack of particularity as to the "when" is the Government's effort to address the Complaint's fatal flaw regarding the statute of limitations. The Government argues, "[a]t the very least, the Complaint's alleged time frame, when construed favorably to the Plaintiffs, allows a plausible inference that the conduct continued well *after* 2018." (Doc. 60 at 20.) But, there should be no dispute that a singular allegation needing to be viewed in Plaintiffs' favor that merely "allows a plausible inference" is anything but particular. Moreover, even if the Complaint had alleged that the conduct continued well after 2018 (which it does not), 2018 through 20anything adds no particularity. "The heightened standard requires more than an allegation that the fraud occurred sometime during a period of months or years". *Eromon v. Grand Auto Sales, Inc.,* 351 F.Supp.2d 825, 828 (N.D.Ill.2004). *See also*, *RxUSA, Inc. v. Cap. Returns, Inc.*, 2007 WL 2712958, at *7 (E.D. Wis. Sept. 14, 2007) ("Moreover,

---

Complaint, for violations of section 100.20 apply only to any person who "**intentionally refuses, neglects or fails to obey** any regulation or order made or issued under" section 100.20. Wis. Stat. Ann. § 100.26 (emphasis added). Intent is completely void from the statute.

with the exception of the beginning date of the parties' correspondence, the Complaint does not provide specific dates of the alleged fraudulent misrepresentations."); *Lachmund v. ADM Investor Servs., Inc.,* 191 F.3d 777, 785 (7th Cir.1999) (holding that under Rule 9(b)'s pleading requirements a plaintiff must specify the times of the allegedly fraudulent allegations).

**The Complaint Lacks Particularity as to the "Where"**

As to the "where," the Government again can point to no allegation of actual particularity. Rather, it asserts, the Complaint alleges "*where* Defendants made false and misleading statements and conducted other unlawful business practices—via mail flyers mailed to consumers in Wisconsin and other states and at sales presentations, typically at a local hotel or restaurant, in Wisconsin, Missouri, and other states across the United States (*id.* ¶¶ 42–46). (Doc. 60 at 11). Wisconsin and Missouri are big states (as are many "other states across the United States"), with many local hotels and restaurants. Identifying possible local establishments is impossible when no local areas are identified. The Government's summary of the "where" actually reads more like an admission that there is no particularity.

**The Complaint Lacks Particularity as to the Individual Defendants**

The Government conflates pleading liability with pleading particularity in order to defend its Complaint. Specifically, it argues, "[h]ere, the Complaint pleads facts that plausibly render all Individual Defendants liable." However, pleading plausible liability falls under Rule 8, not the particularity requirements of Rule 9(b). Moreover, the allegations it identifies to claim it is sufficient for establishing "liability" are all conclusory allegations without supporting factual allegations. "Rule 9(b) requires more

than such conclusory and generalized allegations." *United States ex rel. Benaissa v. Trinity Health*, 963 F.3d 733, 740 (8th Cir. 2020). See also, *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.,* 48 F.3d 1066, 1068 (8th Cir. 1995)("We find no error in the district court's[1] finding that the conclusory allegations contained in [the] second amended complaint do not satisfy the requirements of Rule 9(b)."); *United States ex rel. Strubbe v. Crawford Cnty. Mem'l Hosp.,* 915 F.3d 1158, 1163 (8th Cir. 2019)("While Rule 9(b) is "context specific and flexible," *id.*, a plaintiff cannot meet this burden with conclusory and generalized allegations.").

Critical to this case, the Eighth Circuit in *Streambend* requires that in applying Rule 9(b), "[w]here multiple defendants are asked to respond to allegations of fraud," the complaint "inform each defendant of the nature of his alleged participation in the fraud"—that is, "specify the time, place, and content of" each defendant's false representations, "including when the acts occurred, [and] who engaged in them" (quotations omitted)). *Id.*, at 502-03.The Complaint does not come close to meeting this requirement.

Importantly, the Government does not deny that the Complaint is filled with "group pleading." Instead, it argues it is entitled to group plead because it has an allegation of a "common enterprise." However, as to the individuals, there is no allegation that the individuals are part of the alleged common enterprise ---- and for good reason, since the case law the Government cites only applies the common enterprise concept to corporate entities, not individuals. Even the Government acknowledges, "under the common enterprise theory, **each corporate Defendant** is liable for the others' actions." (Doc. 60 at 14)(emphasis added). Particularly as to individual Defendants,

"Plaintiffs cannot satisfy Rule 9(b) by masking the lack of factual allegations against each defendant through broad allegations which combine the acts of several defendants to create the impression that they all engaged in every aspect of the alleged fraud." *Griffin v. McNiff,* 1989 WL 80451, at *7 (S.D.N.Y. Mar. 13, 1989).

The Government also attempts to rely on the concept of "authority to control." Again, such allegations in the Complaint are completely conclusory. Five different individual defendants, and the same allegation is made against each of them – "acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint." Doc. 1, para 25, 26, 27, 28, and 29). The exact same generic allegation made against five individuals. The conclusory nature of the sole allegation of "authority to control" is seen in the use of the disjunctive. Are they alleged to be acting alone or with others? Did anyone of them formulate or direct or control or participate or . . .have authority to control? The complete lack of particularity keeps everyone guessing what the actual allegation is.[4] In suits involving multiple defendants, a complaint engages in shotgun pleading if it "brings every conceivable claim against every conceivable defendant, resulting in a cause of action so general that it fails to put the various defendants on notice of the allegations against them." *Chole v. Bos. Sci. Corp.*, 2020 WL 1853266, at *2

[4] The Government attempts to rely on a sole case out of Nevada to argue that this generic allegation is acceptable. However, it failed to note that the Court specifically held, "[t]he thirty-page complaint (doc. # 1) goes to great lengths to categorize defendants based on their function in the alleged scheme." *Fed. Trade Comm'n v. Ivy Cap., Inc.,* 2011 WL 2118626, at *4 (D. Nev. May 25, 2011). Nothing close to that is found in the Complaint here.

(E.D. Mo. Apr. 13, 2020); *accord Boggs v. Am. Optical Co.*, 2015 WL 300509, at *2 (E.D. Mo. Jan. 22, 2015).[5]

Finally, the Government concedes that "the government must allege that an individual (1) directly participated in the acts or practices or had the authority to control the acts or practices and (2) **had some knowledge of the acts or practices**." (Doc. 60 at 16)(emphasis added). Acknowledging that the Complaint does not actually allege the needed "knowledge," the Government argues that knowledge "may be inferred." (Doc. 60 at 18). However, the Government's cases do not say that knowledge can be inferred when knowledge itself has never been alleged. Rule 9(b) allows knowledge to be alleged "generally," but does not permit knowledge not to be alleged at all.

**The Complaint Lacks Particularity as to Corporate Defendants**

Conceding that there does not exist particularity as to the nine different Corporate Defendants, the Government again relies on the "common enterprise." However, this one paragraph allegation itself does not meet the particularity standard. In fact, with the allegation of common enterprise the Government alleges the commingling of funds, but provide absolutely no supporting facts—nothing at all where commingling occurred. Likewise, the Government argues that they all share a common address, but the Complaint itself belies that claim. Compare Para. 12, 16, and 18. The Government argues that they all share common employees, but the Complaint itself does not support that

---

[5] Neither Chris Carroll nor Eddie Balderas is mentioned in a single allegation contained within the allegations regarding "Defendants' Business Activities." Instead, every allegation of alleged wrongdoing merely refers to "Defendants" without any identification of "who." In fact, Balderas is only mentioned in one singular paragraph in the entire Complaint. *See* Complaint ¶¶ 26, 27. Those paragraphs are clearly conclusory, lacking in any specificity and cannot possibly meet the particularity requirements of Rule 9(b).

claim. Carroll is alleged to be associated with unidentified "Corporate Defendants (Para. 25), George Reed is alleged to be associated with only 4 of the nine Corporate Defendants (Para. 26), Lou Ann Reed is alleged to be associated with unnamed Corporate Defendants, Scott Jackson is alleged to be associated only with "the Subsidiaries" and Eduardo Balderas is alleged to be associated only with of unnamed Corporate Defendants. All of this demonstrates just how conclusory the common enterprise allegation really is. Such conclusory allegations do not factually support a "common enterprise," and most certainly do not meet the Rule 9(b) test.

**The Complaint Lacks Particularity as to the Two Trusts**

Acknowledging it has no particularity for the two trusts, the Government falls back on a claim of alter ego, arguing "since the Complaint pleads that they are alter egos of other Corporate Defendants, all of these elements are vicariously satisfied for them too." However, as the Government must know, "[c]onclusory allegations of alter ego status will not survive a motion to dismiss." *Maganallez v. Hilltop Lending Corp.,* 505 F.Supp.2d 594, 607 (N.D.Cal. 2007). The law is clear, "in order to overcome the presumption of separateness afforded to related corporations, [plaintiff] is required to plead more specific facts supporting its claims, not mere conclusory allegations." *Kingdom 5–KR–41, Ltd. v. Star Cruises PLC,* 2002 WL 432390, *12 (S.D.N.Y. Mar. 20, 2002)).“[W]here fraud allegations against a defendant depend upon an alter-ego theory or agency relationship, the plaintiff must plead with particularity the facts establishing that relationship." *Eversource Cap. LP v. Fimrite*, 2019 WL 11638377, at *5 (D. Ariz. May 21, 2019). See, also, *Gerritsen v. Warner Bros. Ent. Inc.,* 116 F. Supp. 3d 1104, 1136–37 (C.D. Cal. 2015)("Conclusory allegations of 'alter ego' status are insufficient to state a

claim. Rather, a plaintiff must allege specific facts supporting both of the necessary elements."); *In re Currency Conversion Fee Antitrust Litigation,* 265 F.Supp.2d 385, 426 (S.D.N.Y.2003) ("These purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard"); *Hokama v. E.F. Hutton & Co., Inc.,* 566 F.Supp. 636, 647 (C.D.Cal.1983) ("Conclusory allegations of alter ego status such as those made in the present complaint are not sufficient"). As the Court spelled out in *R.P. Small Corp. v. The Land Department, Inc.,* 2021 WL 3032739, at *6 (S.D. Tex. July 19, 2021):

> While it is *plausible* that these companies were only created to perform services for RPS, Mann used their accounts as if the accounts were his personal bank account, and Mann used the corporate form to divert funds from RPS's project to other projects not associated with the companies, there are no details about such a plot in the complaint. Instead, as the Land Defendants claim, RPS uses the buzzwords for alter ego claims without adding any real substance, and the court is left to come up with its own story about how Mann's alleged comingling of funds and diversion of funds for his own personal benefit was an abuse of the corporate form so that Mann could benefit to RPS's detriment. The court finds that RPS has not pled its alter ego claim with particularity. The motion to dismiss the alter ego claim is **GRANTED,** and the claim based on the alter ego theory is **DISMISSED**.

Without sufficiently pleading alter-ego, the Complaint has no particularity as to anything related to the two Trusts.

**The Wisconsin Claims Cannot Be Filed by the Wisconsin Department of Justice in a Federal District Court.**

With two different Wisconsin statutes dictating an action "may be commenced" in Wisconsin circuit courts, the Government argues "may" is a permissive term. However, the weight of authority indicates that "may," in this venue context, is mandatory. See e.g. *Moseley v. Sunshine Biscuits*, 107 F. Supp. 164, 165 (W.D. Mo. 1952) ("[I]n all venue cases the word 'may' is uniformly construed as meaning 'must' or 'shall.' ");*Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 152, 96 S. Ct. 1989, 1992, 48 L. Ed. 2d 540

(1976)(" Section 94 provides that suits against a national banking association "may be had" in the federal district court for the district where such association is established. The Court has held that this grant of venue is mandatory and exclusive: The phrase 'suits . . . may be had' was, in every respect, appropriate language for the purpose of specifying the precise courts in which Congress consented to have national banks subject to suit and we believe Congress intended that in those courts alone could a national bank be sued against its will."); *Wells Fargo Bank, N.A. v. Caballero*, 2020 WL 907544, at *4 (D.S.D. Feb. 25, 2020) ("This court agrees with the Third Circuit Court of Appeals and the majority of the district courts" that "may" means "must" or "shall".); "); *Osis v. 1993 GF P'ship, L.P.*, 2000 WL 840050, at *3 (D. Conn. Mar. 31, 2000)("the word may as used in section 1397 should be construed as shall or must), see also 19 A.L.R. Fed. 166 (Originally published in 1974) ("[R]esidence of the defendant claimants controls [venue for a statutory interpleader action]....Rule 22 interpleader may therefore be more advantageous than statutory interpleader, since the party seeking interpleader in a Rule proceeding may always bring the action in the district of his residence, even if none of the parties which he seeks to interplead is a resident of his district—something which would not be possible in a statutory interpleader action where the residence of the parties to be interpleaded is controlling).

For all the above reasons, Defendants respectfully move to dismiss Counts I, II, III, IV, V, VI, and VII of Plaintiff's Complaint.

Dated: March 16, 2023

Respectfully submitted,

**DOWD BENNETT LLP**

By: *<u>/s/ James G. Martin</u>*
James G. Martin, #33586
James B. Martin, #70219
7676 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
Telephone: (314) 889-7300
Facsimile: (314) 863-2111
jmartin@dowdbennett.com
jbmartin@dowdbennett.com
*Attorneys for Defendants Consumer Law Protection, LLC, Consumer Rights Council, Premier Reservations Group, LLC, Resort Transfer Group, LLC, also doing business as Consumer Law Protection Lawyers, Square One Development Group, Inc., also doing business as Square One Group, Square One Group, LLC, Timeshare Help Source, Farmington Allegiance, LLC, Mainline Partners, LLC, Christopher Carroll, and Eduardo Balderas, and the Jake and Avery Irrevocable Trust Dated September 11, 2019*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2023 the foregoing was filed with the Clerk of the Court through the Court's electronic case filing system, which by operation will serve notice of such filing upon all counsel of record.

*<u>/s/ James G. Martin</u>*