UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:22 CV 1243 JMB |
| | ) |
| CONSUMER LAW PROTECTION, LLC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On November 30, 2023, a Federal Rule of Civil Procedure 16 Conference was held in which the parties appeared by counsel, Defendant Eduardo Balderas appeared by telephone, and attorney Robert E. Eggmann appeared on behalf of Defendants George Reed and LouAnn Reed. At the Conference, the Court discussed with counsel and Defendant Balderas the pending Motions to Withdraw (Docs. 76 and 77), the Suggestion of Bankruptcy filed by Defendants George Reed and LouAnn Reed (Doc. 75), and the Joint Scheduling Plan filed on November 21, 2023. Mr. Eggmann informed the Court that the Bankruptcy Court had entered an oral order granting a temporary restraining order that would prevent the government from moving forward with their claims against the Reeds. For the reasons set forth on the record and below, the following is hereby **ORDERED**:

1. The Motion to Withdraw filed by Defendant Eduardo Balderas (Doc. 77) is **GRANTED**. Attorneys James B. Martin and James G. Martin are granted leave to withdraw as attorneys of record for Mr. Balderas only. Mr. Balderas will proceed *pro se* at this time. Mr. Balderas is informed that notwithstanding his *pro se* status, he is required to follow the Federal Rules of Civil

Procedure, the Local Rules, and the Orders of this Court.  He may find guidance on this Court's webpage, www.moed.uscourts.gov, by selecting the "Self-Represented Litigants (SRL)" tab.  He should keep the Clerk of Court informed of any address, telephone number, or e-mail address change as required by Local Rule 2.06.  If Mr. Balderas elects to receive notices electronically, he shall fill out and return to the Clerk of Court the form MOED-0061: Request by Non-Prisoner Self-Represented Party for Electronic Noticing (which is attached to this Order).

2. The Notice of Bankruptcy (Doc. 75) and Notice in Opposition (Doc. 82) are **TAKEN UNDER ADVISEMENT**.  Attorney Eggmann informed the Court that the Bankruptcy Court will have a hearing on the Reeds' request for a preliminary injunction on December 6, 2023.  Within seven (7) days of a ruling on the preliminary injunction in Bankruptcy Court, George Reed and LouAnn Reed shall file a response to the government's Notice of Opposition (Doc. 82).  Attorney Eggmann is granted leave to make a limited appearance for the purpose of filing that response and representing the Reeds in any upcoming matters related to the filing of bankruptcy.  Once the response has been made, a hearing on these issues will be set if necessary.

3. Plaintiffs shall file either a motion to amend the complaint or a brief regarding the capacity of Defendants The Jake and Avery Irrevocable Trust Dated September 11, 2019 and The Maggie and Lucy Irrevocable Trust Dated September 11, 2019 to be sued pursuant to Federal Rule of Civil Procedure 17.  In particular, Plaintiffs shall inform the Court whether they believe that Trusts can be sued as listed or whether the Trustee and/or Beneficiaries of the Trusts should be made parties to this lawsuit as provided by Rule 19 or otherwise.  The motion or brief is due by December 29, 2023.  A response by the relevant Defendants is due by January 12, 2023.  A reply, if necessary is due seven (7) days thereafter.

4. The Motion to Withdraw filed by Defendants George Reed, LouAnn Reed, and The Maggie and Lucy Irrevocable Trust Dated September 11, 2019 (Doc. 76) will be **DEFERRED** until the above-referenced issues concerning the Bankruptcy stay and the suit against trusts are resolved.

5. A Case Management Order will not be issued at this time.  Based on foregoing fundamental issues regarding the Reeds' bankruptcy filing, the capacity of certain Defendants, questions surrounding discovery that were raised at the conference, and the potential of other Defendants declaring bankruptcy, good cause exists to delay entry of a scheduling order.  See Fed.R.Civ.P. 16(b)(2).  However, the parties are directed to continue to meet and confer regarding ESI and to resolve any issues regarding the production of electronically stored information.  If the parties cannot reach an agreement, the matter may be raised at a subsequent Rule 16 conference.  The Motion for Protective Order (Doc. 84) is **TAKEN UNDER ADVISEMENT** pending a response by Defendants.  As set forth at the conference, the Court will consider deposition testimony on a deponent-by-deponent basis and will not approve the blanket prohibition contained in Section III of Plaintiffs' proposed protective order.

As set forth above, a hearing will be set, if necessary, once briefing on the above issues is complete.  A subsequent Rule 16 conference will be set; the parties shall submit an amended Joint Scheduling Plan at least seven (7) days prior to that conference.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of December, 2023