**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>and<br>STATE OF WISCONSIN | ) | |
| *Plaintiffs* | ) | Case No: 4:22-cv-01243 JMB |
| v.<br>Consumer Law Protection, LLC, et al., | ) | |
| *Defendants* | ) | |

**DEFENDANT BALDERAS MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**

COMES NOW, Defendant Eduardo Balderas ("Defendant"), proceeding pro se, pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6), and respectfully submits this Motion to Dismiss the complaint filed by the United States of America and the State of Wisconsin ("Plaintiffs"). This motion contends that the Court lacks personal jurisdiction over the Defendant and that the Plaintiffs 'complaint fails to establish a legitimate legal claim against the Defendant.

## I. INTRODUCTION

A. This Motion to Dismiss addresses the fundamentally flawed nature of the Plaintiff's complaint, which erroneously implicates the Defendant in corporate practices without substantiating the requisite elements of personal jurisdiction or actionable legal claims. The Defendant vehemently denies any involvement or knowledge of the alleged

corporate malpractices and asserts that the Plaintiff's claims are both jurisdictionally and factually deficient.

B. The Defendant, having not resided in the State of Missouri since 2015, asserts that this Court lacks personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). The allegations purported by the Plaintiff occurred during a period when the Defendant had no residency or significant contacts within Missouri, thereby nullifying the Court's jurisdiction over the Defendant.

C. Furthermore, under Federal Rule of Civil Procedure 12(b)(6), the Defendant seeks dismissal due to the Plaintiff's failure to state a claim upon which relief can be granted. The Defendant's involvement with the Corporate Defendants was limited to a nominal role that did not confer any actual authority, decision-making capacity, or knowledge of the alleged unlawful activities. The Plaintiff’s complaint does not establish the Defendant's direct or indirect participation in any alleged misrepresentations or corporate malpractices, nor does it demonstrate the Defendant's knowledge or control over the purportedly deceptive practices.

D. The Defendant's role, confined to operational support and consumer complaint management, did not encompass any form of corporate governance, policy-making, or oversight of legal and marketing practices. The Defendant's limited interaction with corporate affairs was strictly operational, with no access to or influence over the higher echelons of corporate decision-making processes.

E. The Defendant asserts that the information relayed in the capacity of their role was based on factual and non-misleading data, provided by the office, without any intent or

awareness of disseminating misleading information.

F. Additionally, the Defendant emphasizes the lack of involvement or authority over contractual agreements, marketing materials, and post-signature contract management, underscoring the absence of any direct or indirect participation in the alleged deceptive practices.

G. This motion also references pertinent case law, notably FTC v. Kitco of Nevada, Inc., which establishes the criteria for individual liability in corporate practices, criteria the Plaintiff fails to meet in their allegations against

## II. ARGUMENT

### A. Lack of Personal Jurisdiction Under FRCP 12(b)(2)

1. **Jurisdictional Premise**: The foundational principle of personal jurisdiction is that a defendant should reasonably anticipate being haled into court in the forum state. In this case, the Defendant, Eduardo Balderas, contends that the Eastern District of Missouri lacks personal jurisdiction.
2. **Non-Residency and Lack of Contacts**: Since 2015, the Defendant has not been a resident of Missouri nor maintained significant contacts with the state. The allegations brought forth by the Plaintiffs pertain to a period after the Defendant's departure from Missouri.
3. **Legal Standard for Personal Jurisdiction**: For a court to exercise personal jurisdiction, it must be shown that the Defendant has established minimum contacts with the forum state. These contacts must be such that maintenance of the lawsuit does not offend

traditional notions of fair play and substantial justice.

4. **Absence of Minimum Contacts**: The Defendant asserts that there have been no actions undertaken by him that would amount to minimum contacts with Missouri. Given the Defendant's non-residency and lack of activity within the state, compelling him to defend a lawsuit in Missouri would be inappropriate and legally unsound.
5. **Temporal Context**: The timing of the alleged activities is critical. The accusations purportedly started years after the Defendant ceased to be a Missouri resident, further distancing the Defendant from the jurisdictional reach of this Court.

**B. Argument Pertaining to Individual Liability in Corporate Practices**

1. **Legal Foundation**: The landmark case FTC v. Kitco of Nevada, Inc., 612 F.Supp. 1282 (D.Minn.1985), provides the legal foundation for individual liability in corporate practices under the FTCA. This case establishes that for an individual to be held liable, the corporate entity must first be shown to have engaged in misrepresentations or omissions that a reasonably prudent person would rely upon, leading to consumer injury.
2. **Criteria for Individual Liability**: After establishing corporate liability, the focus turns to individual defendants. As stated in Kitco, 612 F.Supp. at 1292 and FTC v. H.N. Singer, Inc., 1982-83 Trade Cas. (CCH) ¶ 65,011 at 70,618-19, 1982 WL 1907 (N.D.Cal.1982), individual liability requires proof of direct participation or authority to control the misleading practices.
3. **Nature of 'Authority to Control'**: The requisite 'authority to control' the company is evidenced by active involvement in business affairs and the making of corporate policy,

including assuming the duties of a corporate officer. This interpretation is supported by Kitco, 612 F.Supp. at 1292, and further illustrated in Consumer Sales Corp. v. FTC, 198 F.2d 404, 408 (2d Cir.1952), cert. denied, 344 U.S. 912, 73 S.Ct. 335, 97 L.Ed. 703 (1953).

4. **Defendant's Position and Involvement**: In this case, Defendant Eduardo Balderas's role in the corporate structure does not meet these criteria. Despite holding a title with "Director," Balderas did not engage in formulating corporate policy or decision-making processes, nor did he assume duties akin to a corporate officer.
5. **Lack of Knowledge and Direct Involvement**: The Defendant's responsibilities were confined to overseeing sales teams and handling consumer complaints, roles that did not involve knowledge or participation in the alleged deceptive corporate practices.
6. **Conclusion**: Based on the legal standards set in FTC v. Kitco of Nevada, Inc. and related cases, Eduardo Balderas's lack of direct involvement and authority in the corporate practices alleged by the Plaintiffs falls significantly short of the thresholds necessary to establish individual liability under the FTCA.

**C. Elaboration on the Defendant's Role and Lack of Authority**

1. **Title Versus Actual Authority**: While the Defendant, Eduardo Balderas, held a title with "Director" in it, this title did not reflect actual ownership, directorship, or a position as a corporate officer within any of the named corporate defendants.
2. **Scope of Work Responsibilities**: The Defendant's responsibilities were limited to overseeing sales teams, filling in operational gaps, and handling consumer complaints.

These roles did not grant him any insight into, or control over, the broader corporate activities or alleged misrepresentations.

3. **Absence of Involvement in Misconduct**: The Defendant had no direct or indirect knowledge of any wrongdoing or misrepresentations within the corporations. His role was operational, without involvement in or awareness of the higher-level decision-making processes.
4. **Lack of Control Over Contracts and Marketing**: The Defendant was not involved in drafting, approving, or controlling the contracts, which were managed and authorized by in-house legal counsel. Similarly, he had no authority over marketing materials or mail pieces, as these were handled by a separate department.
5. **Limited Involvement in Presentation Material**: Although involved in disseminating presentation information, the Defendant did not have final control over its content. The materials used, to the best of his knowledge, were fact-based and not misleading, as they were provided and vetted by the corporate office.
6. **Post-Contract Process**: Once a contract was signed, it was managed by the corporate office, beyond the Defendant's scope of authority. The Defendant's understanding of the effectiveness of the services was based on information relayed by office employees, including the reported number of successful timeshare exits and acknowledgments of settlements with major timeshare companies.
7. **Authority Driven:** George Reed, as the owner and principal decision-maker of the company, was the individual through whom all significant decisions were channeled. He was responsible for hiring and firing office employees and, as I understand, managed the

financial aspects of the company. This centralized control meant that any major decisions, particularly those relating to the aspects mentioned in the accusations, would have been made by or known to Mr. Reed. In contrast, the Defendant’s role in the company was limited and did not encompass such decision-making authority or in-depth knowledge of the company's inner workings. Therefore, if there is any truth to these accusations, it is Mr. Reed who would likely possess knowledge and oversight of these matters. The Defendant’s involvement in the company's operations was peripheral and did not extend to the areas of concern outlined by the Plaintiffs.

8. **Conclusion**: The Defendant’s limited role and lack of substantive authority in the corporations' operations and policies demonstrate a failure to reach the threshold for individual liability as established in FTC v. Kitco of Nevada, Inc. and related case law. His duties did not involve or imply knowledge or control over the alleged deceptive practices.

## III. CONCLUSION

In light of the arguments presented and the evidence cited, it is clear that the Defendant, Eduardo Balderas, does not fulfill the criteria for individual liability as outlined in FTC v. Kitco of Nevada, Inc., and related case law. The Defendant’s limited role within the corporate structure, devoid of significant authority or knowledge of the alleged deceptive practices, coupled with the lack of personal jurisdiction, underscores the necessity of dismissing this case against him.

WHEREFORE, Eduardo Balderas, respectfully requests that this Court grant this Motion to Dismiss the complaint against him for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), and grant such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

Eduardo Balderas

Eduardo Balderas
Defendant, Pro Se
PO Box 422003
Del Rio, TX 78842
Stovetopp0424@gmail.com

DATED December 8, 2023

**Certificate of Service via Electronic Filing**

I hereby certify that on December 8, 2023, I served a true and correct copy of the foregoing Motion to Dismiss to all counsel of record in this matter by electronic mail. As well as, electronically filed a copy of this Motion to Dismiss with the Clerk of Court for US District Court for the Eastern District of Missouri Eastern Division through the court's designated electronic filing system and to the emails listed below.

Sarah Williams
sarah.williams@usdoj.gov

Amy Pentz Kaplan
amy.p.kaplan@usdoj.gov

Ellen Bowden McIntyre
ellen.bowden.mcintyre@usdoj.gov

Sean Saper
sean.z.saper@usdoj.gov

Lewis Beilin
beilinlw@doj.state.wi.us