UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF WISCONSIN;<br><br>Plaintiffs,<br><br>vs.<br><br>CONSUMER LAW PROTECTION, LLC, et al.,<br><br>Defendants. | Case No. 4:22-CV-01243-JMB |

**UNITED STATES' AND STATE OF WISCONSIN'S BRIEF IN OPPOSITION TO DEFENDANT EDUARDO BALDERAS'S MOTION TO DISMISS (DOC. 93)**

COME NOW Plaintiffs, the United States of America and the State of Wisconsin, by and through their undersigned counsel, and for their Opposition to Defendant Eduardo Balderas's Motion to Dismiss (Doc. 93), state as follows:

## INTRODUCTION

Defendant Eduardo Balderas has filed a second motion to dismiss. It seeks to relitigate arguments that this Court already rejected. He does not get another bite at the apple because he is now proceeding *pro se*. Balderas' first motion to dismiss challenged the Court's personal jurisdiction (invoking Fed. R. Civ. P. 12(b)(2)) and whether the Complaint failed to state a claim. The Court denied that motion. Balderas then waived his argument that the Court lacks personal jurisdiction over him by filing an Answer to the complaint and submitting to the Court's jurisdiction. This is the law of the case and the Court should deny this motion forthwith.

## FACTUAL AND PROCEDURAL BACKGROUND

This enforcement action claims that Balderas and the other Defendants operated a scheme to collect millions of dollars from vulnerable consumers through fraudulent timeshare exit services. The Complaint asserts that the Defendants violated multiple consumer protection laws, including Section 5 of the FTC Act, 15 U.S.C. § 45(a) and (n), the Rule Concerning Cooling-Off Period for Sales Made at Homes or at Certain Other Locations (the "Cooling-Off Rule"), 16 C.F.R. § 429.1(a) & 15 U.S.C. § 45(a), the Wisconsin Direct Marketing Rule, Wis. Admin. Code § ATCP ch. 127, and Wisconsin's Deceptive Trade Practices Act ("DTPA"), Wis. Stat. § 100.18(1). The Complaint alleges that Balderas personally participated in the timeshare exit scheme in various ways. He managed sales teams, sold timeshare exit services to consumers, and was the Director and Vice President for Square One Group, LLC and National Director for the Consumer Law Protection LLC—two corporate defendants incorporated and headquartered in Missouri (Doc. 1 at ¶¶ 10, 15, 29).

Represented by Dowd Bennett, LLP, Balderas and his co-defendants moved to dismiss the Plaintiffs' Complaint on February 8, 2023 (Docs. 54; 55.) The motion invoked Rule 12(b)(2) (lack of personal jurisdiction) and 12(b)(6) (failure to state a claim). Although his first motion cited Rule 12(b)(2), Balderas' briefs did not address their personal jurisdiction arguments, but focused more on the Complaint's supposed failure to plead with particularity and to state a claim. (Doc. 55, 66). The Court denied these Defendants' (including Balderas') motion to dismiss, specifically finding that the Complaint had stated claims against the individual defendants, including Balderas. (Doc. 68 (Mem. And Order) at 9).

On October 6, 2023, Balderas and the other Defendants represented by Dowd Bennett filed their Answer to the Complaint (Doc. 70). Balderas's Answer did not plead a lack of personal jurisdiction.

Dowd Bennett moved to withdraw as counsel for Balderas on November 1, 2023, (Doc. 77). The Court granted the motion with the following statement: "Mr. Balderas is informed that notwithstanding his *pro se* status, he is required to follow the Federal Rules of Civil Procedure, the Local Rules, and the Orders of this Court." (Doc. 87, 1-2.) Seven days later, Balderas filed his second motion to dismiss. (Doc. 93.)

**STANDARD OF REVIEW**

The law of the case doctrine prevents a party from relitigating the issues previously decided by the court. It is "a fundamental precept of common-law adjudication … that an issue once determined by a competent court is conclusive." *Arizona v. California*, 460 U.S. 605, 619 (1983).

To defeat a motion to dismiss for lack of personal jurisdiction, a party must merely make a prima facie showing of jurisdiction. *Dakota Industries, Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). Courts resolving issues of personal jurisdiction based on pleadings must view at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party. *Id*.

When deciding a motion to dismiss for failure to state a claim, courts must accept as true all factual allegations and read the facts alleged in the light most favorable to the non-moving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249 (1989). A motion to dismiss for failure to state a claim should only be granted "if it is clear that no relief can be granted under any set of facts that could be proved consistent with the

allegations[.]" *Alexander v. Peffer*, 993 F.2d 1348, 1349 (8th Cir. 1993) (internal quotation omitted).

## ARGUMENT

### I. The Court Has Personal Jurisdiction Over Balderas.

Balderas' First Motion to Dismiss expressly invoked Fed. R. Civ. P. 12(b)(2) as a basis for dismissing the case. (Doc. 54). Defendants' briefs did not address the personal jurisdiction challenge, though. Not surprisingly then, the Court's opinion denying the first motion to dismiss also did not discuss personal jurisdiction. Had Balderas truly believed the Court lacked personal jurisdiction over him, he could have moved for reconsideration. He did not—in fact, he filed an answer submitting to the personal jurisdiction of the Court. (Doc. 70).

#### A. Balderas waived his personal jurisdiction arguments by failing to include them in support of his First Motion to Dismiss.

Even if the Court had not already ruled on Balderas' jurisdictional challenges, his effort to belatedly raise this issue must fail. Balderas waived his current challenge to the Court's personal jurisdiction because his previous motion to dismiss could have asserted the "new" allegations in his instant motion—*i.e.,* that he has not resided in Missouri since 2015, when he moved to Texas, "nor maintained significant contacts with the state." (Doc. 93, 2–3). These facts are not new. When Balderas' first motion to dismiss was filed in February 2023, the defense "was available to [him] but omitted from [his] earlier motion." Fed. R. Civ. P. 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The Advisory Committee on Rules explained that "[t]his required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case." Fed. R. Civ. P. 12(g) advisory committee's note to 1966 amendment. Fed. R. Civ. P. 12(h)(1) provides that a

party waives any defense listed in Fed. R. Civ. P. 12(b)(2)-(5) by omitting it from a motion in the circumstances described in Rule 12(g)(2) or failing to include it in a responsive pleading. Fed. R. Civ P. 12(h)(1)(A)-(B).

The courts have applied Rule 12(g) to preclude parties from filing a successive motion that raises defenses available to them when they filed a prior motion to dismiss. *See In re Genetically Modified Rice Litig.,* 576 F. Supp. 2d 1063, 1077 (E.D. Mo. 2008) (denying defendant's motion to dismiss and prospectively holding that defendant "is foreclosed from challenging jurisdiction at a later date under any alternative theory not already presented. Fed. R. Civ. P. 12(g)(2)"); *Hageman v. Barton*, No. 4:13-CV-2522, 2016 WL 3197295, at *2 (E.D. Mo. June 9, 2016) ("The basis for defendant's present motion was available at the time he filed his first two motions, and Rule 12(g)(2) prevents him from presenting his preclusion claims in yet another motion to dismiss."); *Ribeiro v. Baby Trend, Inc.*, No. 8:12CV204, 2016 WL 3093439, at *8 (D. Neb. June 1, 2016) ("The personal jurisdiction defense could have been asserted in the earlier motion, or at least as soon as it became clear that the insufficiency of service defense was no longer viable."). The Court should find that Balderas waived his personal jurisdiction argument and deny his motion.

**B. His answer to the Complaint waived Balderas' personal jurisdiction defense.**

On October 6, 2023, Balderas filed his Answer to the Complaint. The Answer did not assert a defense of lack of personal jurisdiction. Balderas has submitted to this Court's personal jurisdiction and waived his right to challenge it. As noted above, Fed. R. Civ. P. 12(h)(1)(B)(ii) provides that a Rule 12(b)(2) personal jurisdiction defense is waived by failing to include it in a responsive pleading. Eighth Circuit precedent mandates that a party waives a defense based on lack of personal jurisdiction by failing to raise it in an Answer. *See Alger v. Hayes*, 452 F.2d 841, 844 (8th Cir. 1972) (holding that with respect to defense of lack of personal jurisdiction, "it is a

well settled rule that if the defense is neither raised by motion before answer nor stated in the answer, it cannot be raised for the first time by motion after the answer."); *see also J.Y.C.C. v. Doe Run Res., Corp.*, 370 F. Supp. 3d 1047, 1053 (E.D. Mo. 2019) ("Personal jurisdiction is an individual right that may be waived. A person may submit to the jurisdiction of the court by appearance, [or] by not timely raising the defense in an answer or responsive pleading. . . .'") (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)).[1]

Although he is *pro se* now, Balderas was represented by experienced counsel when he filed his first Motion to Dismiss and his Answer. This is not a situation where the Court should give leeway to a *pro se* litigant who is unfamiliar with legal practice. The Court should apply traditional principles of litigation waiver and reject Balderas' belated effort to re-raise this issue.

### C. The Complaint sufficiently alleges the Court's personal jurisdiction over Balderas.

Finally, even if the Court had not already ruled on this issue (it did), and even if Balderas had not waived his challenge to personal jurisdiction (he did), the facts pled in the Complaint are sufficient for the Court to exercise personal jurisdiction over Balderas. The Complaint alleges that Balderas "resides in this District, and in connection with the matters alleged herein, transacts, or has transacted business in this District . . . ." Doc. 1, ¶ 29. It details Balderas's work for two Corporate Defendants based in Missouri as the Director and Vice President of Square One Group, LLC and the National Director of Consumer Law Protection. *Id.* Such allegations are presumed to be true for purposes of a motion to dismiss, and they more than suffice to defeat a motion to dismiss

[1] Were Balderas to attempt to avoid waiver by citing the putative "catch-all" defense included in his Answer ("such other affirmative and other defenses as may become available or apparent during the course of discovery," (Doc. 70, 10)), that must fail. The "new" representations made in his instant motion were indisputably known to him when he filed his Answer. He needed no discovery for them to become "apparent." In any event, Balderas's "catch all" statement in his Answer is too vague to support preserving an objection to personal jurisdiction, as he ostensibly knew what states he lived in and for how long.

for lack of personal jurisdiction. *See Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1014 (D. Minn. 2008) (quoting *Aaron Ferer & Sons Co. v. Diversified Metals Corp*., 564 F.2d 1211, 1215 (8th Cir. 1977)) ("As long as there is 'some evidence upon which a prima facie showing of jurisdiction may be found to exist,' the Rule 12(b)(2) motion will be denied.").

Should the Court question the sufficiency of these factual allegations, fact discovery, not dismissal, is the appropriate mechanism to resolve questions of personal jurisdiction. *See Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008) ("[T]he district court should not have dismissed his action against Hyperion without permitting him to take some jurisdictional discovery to establish whether general personal jurisdiction would be justified."). The only basis on which Balderas challenges personal jurisdiction is his conclusory assertion that he has lived in Texas since 2015. He offered no evidence to support this assertion. But personal jurisdiction may also be established by evidence that the defendant works or does business in the district. *See, e.g.*, *ProMove, Inc. v. Siepman,* 355 F. Supp. 3d 816, 821-22 (D. Minn. 2019) (finding personal jurisdiction over nonresident who worked for and contracted with a forum-state company). The Complaint alleges that Balderas engaged in substantial business activity in Missouri and that he was an executive of multiple Missouri corporations. If the Court is at all inclined to entertain Balderas' personal jurisdiction challenge, fact discovery, not dismissal, would be the appropriate remedy.

## II. The Court Should Deny Balderas's Motion to Dismiss Under Rule 12(b)(6).

Balderas's second Motion to Dismiss also asserts that the Complaint fails to state a claim for individual liability against him. (Doc. 93, 4–7.) For the same reasons the Court denied the first motion to dismiss, it should deny this one.

Balderas' first Motion to Dismiss fully elaborated an argument that the Complaint had failed to state a claim for individual liability against him. Specifically, Balderas argued as to the claims against him and the other individual Defendants: "[e]ven if these allegations were not fatally conclusory—and they are—the little the Complaint alleges is insufficient to state a claim against the individual Defendants." (Doc. 55, 11.) The motion further argued that "Plaintiff has failed to make any factual allegations regarding any specific individual acts individual Defendants took which could be considered unlawful practices under the statute." (Doc. 55, 12.).

The Court rejected these arguments. In its Memorandum and Order, (Doc. 68), the Court evaluated Balderas (and the other Defendants') motions to dismiss for failure to state a claim for individual liability, carefully noting their criticisms of the Complaint. The Court concluded that none of the motions were persuasive, and that "at this stage of the proceedings . . . Plaintiffs need only allege such participation [by the individual Defendants], which they have done. Plaintiffs are not required to assert a multitude of facts that would establish liability or provide (at this juncture) a detailed recitation of each individual Defendant's participation in the allegedly unlawful practices." (Doc. 68, 9.)

This is the law of the case. A party may not serially litigate the same issue once the court has already ruled upon it, as instructed by the Supreme Court. *See Arizona*, 460 U.S. at 619 (it is "a fundamental precept of common-law adjudication … that an issue once determined by a competent court is conclusive."). The Court need not and should not reconsider an issue that it decided in this case only a few months ago.[2]

[2] The same is true if Balderas's motion is construed as a motion on the pleadings under Rule 12(c)—regardless of whether the argument is raised under Rule 12(c) or Rule 12(b)(6), the Court still heard and rejected the exact argument that Balderas is raising now.

## CONCLUSION

For the reasons stated herein, the United States and State of Wisconsin respectfully request that the Court DENY Defendant Balderas's Motion to Dismiss (Doc. 93).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ARUN G. RAO
Deputy Assistant Attorney General

AMANDA N. LISKAMM
Director
LISA K. HSIAO
Assistant Director
Consumer Protection Branch

s/ Amy P. Kaplan________
AMY P. KAPLAN (Bar # 1010279DC)
SARAH WILLIAMS (Bar # 1006622DC)
SEAN SAPER (Bar # 1736442DC)
Trial Attorneys
P.O. Box 386
Washington, DC 20044
Phone: (202) 598-8153
Amy.P.Kaplan@usdoj.gov
Sarah.Williams@usdoj.gov
Sean.z.saper@usdoj.gov
Attorneys for Plaintiff
THE UNITED STATES OF AMERICA

JOSHUA L. KAUL
Attorney General, State of Wisconsin

s/ Lewis W. Beilin________
Lewis W. Beilin (Bar #1038835WI)
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3076
Email: beilinlw@doj.state.wi.us
Attorney for Plaintiff
STATE OF WISCONSIN

Of Counsel:

WILLIAM J. HODOR
Federal Trade Commission
230 South Dearborn Street, Suite 3030
Chicago, Illinois 60604
(312) 960-5592 (Hodor)
whodor@ftc.gov