**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>and<br>STATE OF WISCONSIN<br>*Plaintiffs* | ) | |
| | ) | Case No: 4:22-cv-01243 JMB |
| v.<br>Consumer Law Protection, LLC, et al.,<br>*Defendants* | ) | |

**DEFENDANT BALDERAS REPLY TO**

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

COMES NOW, Defendant Eduardo Balderas, proceeding pro se, to present this comprehensive reply to the Plaintiffs' response to his Motion to Dismiss. In this submission, Mr. Balderas seeks to address and challenge the assertions made by the Plaintiffs, focusing on key aspects of the case that directly impact his legal standing. This response is not only a testament to the shift in the defense strategy following the change to pro se representation but also an effort to highlight new legal arguments and critical factual contentions that bear significant relevance to the court's evaluation of personal jurisdiction and the alleged corporate responsibilities.

## I. INTRODUCTION

This reply, submitted by Eduardo Balderas in his capacity as a pro se litigant, is intended to meticulously address and counter the arguments made by the Plaintiffs in their response to his Motion to Dismiss. The essence of this reply is to underscore the significant transition in

representation from a collective defense to an individual, pro se approach. This shift has brought forth a range of new, specific legal arguments and case law directly pertinent to Mr. Balderas's situation, which were not part of the initial defense strategy.

The reply aims to clarify and emphasize crucial points, including the challenge to the court's personal jurisdiction based on Mr. Balderas's non-residency in Missouri since early 2015, the lack of executive authority and decision-making capacity in his professional role, and the Plaintiffs' failure to address the new legal arguments and case law presented in his motion. This comprehensive response seeks to demonstrate the necessity for the Court to reevaluate the motion to dismiss, considering these new individual-specific arguments and evidences.

## II. ARGUMENT

**Personal Jurisdiction and Plaintiffs' Claims**:

The Plaintiffs in their response have posited that Eduardo Balderas engaged in substantial business activity within Missouri, thereby justifying the court's personal jurisdiction over him. This assertion, however, does not accurately reflect the true nature and extent of Mr. Balderas's interactions with the state. In reality, Mr. Balderas's presence in Missouri was sporadic and minimal, characterized only by two short visits to the corporate office. These visits were brief and infrequent, lacking any continuous or systematic business engagement that could be construed as substantial business activity in Missouri.

It is important to emphasize that mere physical presence in a state, especially when as limited and transitory as in Mr. Balderas's case, does not equate to engaging in substantial business activities warranting personal jurisdiction. The nature of these visits was not in a capacity that involved significant corporate decision-making or operations that would anchor Mr. Balderas to Missouri in a meaningful legal sense. His limited and occasional presence in the state was not indicative of the kind of sustained and systematic business activities that typically underlie a court's exercise of personal jurisdiction.

Therefore, the Plaintiffs' portrayal of Mr. Balderas's business activities in Missouri as substantial is a mischaracterization. The actual evidence, including the frequency, duration, and nature of Mr. Balderas's visits, does not support the claim of substantial business activity in Missouri. As such, it is respectfully submitted that this Court should not exercise personal jurisdiction over Mr. Balderas based on the facts at hand.

**Evidence of Non-Residency**:

In the expanded argument on evidence of non-residency, it is crucial to emphasize that despite the Plaintiffs' portrayal, Mr. Balderas has not maintained residency in Missouri since early 2015. This is a critical point in challenging the basis for personal jurisdiction. Mr. Balderas is not only ready but also capable of providing evidence supporting his claim of primary residence outside Missouri since January 2016. This evidence significantly undermines the Plaintiffs' assertions and aligns with the legal requirements under Federal Rule of Civil Procedure 12(b)(2). The demonstration of non-residency through tangible proof, such as records

of a primary residence established and maintained in another state, directly contests the Plaintiffs' claims and reinforces the argument that Mr. Balderas's connections to Missouri are insufficient to establish personal jurisdiction under the cited federal rule.

**Lack of Executive Authority in Decision-Making**:

The Plaintiffs' association of Mr. Balderas with corporate decision-making is broadly stated yet unsubstantiated. Contrary to their claims, Mr. Balderas's role in the company was markedly distinct from those with executive power or policy-making influence. His designation, though nominally indicative of a higher position, did not confer upon him executive authority or involvement in corporate policy decisions. Mr. Balderas's role in the company, as outlined in the Motion to Dismiss, lacked the attributes typically associated with executive authority or involvement in corporate policy-making. This distinction is not only pivotal in light of *FTC v. Kitco of Nevada, Inc.,* 612 F.Supp. 1282 (D.Minn.1985) but also aligns with the principles established in other relevant cases such as *FTC v. H.N. Singer, Inc.,* 1982-83 Trade Cas. (CCH) ¶ 65,011 at 70,618-19, 1982 WL 1907 (N.D.Cal.1982) and *Consumer Sales Corp. v. FTC,* 198 F.2d 404, 408 (2d Cir.1952), cert. denied, 344 U.S. 912, 73 S.Ct. 335, 97 L.Ed. 703 (1953). These cases emphasize the necessity of direct participation or significant authority in corporate misdeeds to establish individual liability. In Mr. Balderas's case, his responsibilities did not extend to such levels of influence or control, rendering the Plaintiffs' broad association of him with corporate decision-making legally unfounded.

**New Legal Arguments and Case Law**

The Plaintiffs' response overlooks significant new legal arguments and pertinent case law introduced in Mr. Balderas's pro se motion. This motion includes specific case law, such as *FTC v. H.N. Singer, Inc.,* 1982-83 Trade Cas. (CCH) ¶ 65,011 at 70,618-19, 1982 WL 1907 (N.D.Cal.1982), and *Consumer Sales Corp. v. FTC,* 198 F.2d 404, 408 (2d Cir.1952), which directly apply to the unique aspects of Mr. Balderas's role in the corporation. These cases elucidate the standards for establishing individual liability in corporate contexts, emphasizing the necessity for an individual to have significant authority or direct involvement in corporate misdeeds. Unlike the broad arguments previously made, these case laws specifically address the nuances of Mr. Balderas's situation, focusing on the distinction between nominal titles and actual executive authority or decision-making power. The failure of the Plaintiffs to engage with these new legal arguments and case law indicates a gap in their response and underscores the need for the Court to consider these individual-specific defenses in reevaluating the motion to dismiss.

**III. CONCLUSION**

Given the new arguments and evidence presented by Mr. Balderas in his pro se capacity, the Court should consider the motion to dismiss. The Plaintiffs' response has not adequately addressed these new, individual-specific defenses nor countered the applicability of the cited case law to Mr. Balderas's situation. The limited business activity in Missouri, non-residency, and lack of executive decision-making authority in the corporations justify at least a partial granting of the motion under FRCP 12(b)(2) or 12(b)(6).

WHEREFORE, Eduardo Balderas, respectfully requests that this Honorable Court grant his Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2) or 12(b)(6), due to the lack of personal jurisdiction and failure to state a claim upon which relief can be granted. Further, Mr. Balderas seeks any other relief the Court deems just and proper under the circumstances.

Respectfully submitted,

Eduardo Balderas

DATED December 26, 2023

Eduardo Balderas
Defendant, Pro Se
PO Box 422003
Del Rio, TX 78842
stovetopp0424@gmail.com

# Certificate of Service via Electronic Filing

I hereby certify that on December 26, 2023, I served a true and correct copy of the foregoing Defendant's Reply to Plaintiffs' Response to Motion to Dismiss to all counsel of record in this matter by electronic mail. As well as, electronically filed a copy of this Defendant's Reply to Plaintiffs' Response to Motion to Dismiss with the Clerk of Court for US District Court for the Eastern District of Missouri Eastern Division through the court's designated electronic filing system and to the emails listed below.

Sarah Williams

sarah.williams@usdoj.gov

Amy Pentz Kaplan

amy.p.kaplan@usdoj.gov

Ellen Bowden McIntyre

ellen.b.mcintyre@usdoj.gov

Sean Saper

sean.z.saper@usdoj.gov

Lewis Beilin

beilinlw@doj.state.wi.us