UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF WISCONSIN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:22 CV 1243 JMB ) |
| CONSUMER LAW PROTECTION, LLC, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Eduardo Balderas' (second) Motion to Dismiss Party (Doc. 91). Plaintiffs have responded to the motion (Doc. 96) to which Defendant Balderas has replied (Doc. 97).

**I.    Background**

In a November 21, 2022 Complaint (Doc. 1), the United States of America and State of Wisconsin allege claims related to Defendants' purported scheme to fraudulently sell "bogus timeshare exit services" to consumers throughout the United States via direct mail and in person campaigns. Plaintiffs allege that each of Defendants are interrelated individuals, trusts, corporations, and sham companies that are part of a common enterprise engaged in bilking consumers out of more than $90 million. Plaintiffs allege eight Counts based on federal and state law. As to the moving Defendant, Eduardo Balderas, Plaintiffs identify him as:

> 29. Defendant Eduardo Balderas is or has been an owner, officer, director, member and/or manager of Corporate Defendants. At all times relevant to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Balderas maintains the title of Director and Vice President of Square One Group, LLC and National Director of CLP. He manages sales teams and

> frequently is present at timeshare exit sales presentations. Balderas routinely delivers initial group presentations at the start of sales meetings with consumers. He also assists directly in selling timeshare exit services to consumers. Balderas regularly responds to consumer complaints. He resides in this District, and in connection with the matters alleged herein, transacts, or has transacted business in this District and throughout the United States.

(Doc. 1, pp. 11-12).

A waiver of service was issued as to Balderas on November 21, 2022 (Doc. 21) and returned executed on December 6, 2022 (Doc. 30).  Attorneys James G. Martin and James B. Martin entered appearances on behalf of Balderas a day prior, on December 5, 2022 (Docs. 28 and 28).  On February 8, 2023, Balderas (along with other Defendants represented by the same attorneys) filed a motion to dismiss and a memorandum in support pursuant to Federal Rules of Civil Procedure 9(b) (requiring claims of fraud to be pled with particularity), 12(b)(2) (lack of personal jurisdiction) and 12(b)(6) (failure to state a claim) (Docs. 54 and 55).  Notwithstanding the motions reference to Rule 12(b)(2), the memorandum did not contain any argument related to personal jurisdiction.  Nor did Defendant's reply brief (Doc. 66).  Instead, Balderas focused his argument on failure to state a claim and failure to plead fraud with particularity.  Accordingly, in ruling on the motion to dismiss, this Court found that: "Defendants' remaining arguments, including their mention of statute of limitations, are either undeveloped or lacking in merit" (Doc. 68).  See, e.g., Cox v. Mortgage Electronic Registration System, Inc., 685 F.3d 663, 674-675 (8th Cir. 2012) (finding that a party waived an argument contained in a table of contents by failing to "provide a meaningful explanation of the argument and citation to relevant authority in their opening brief").

Thereafter, Defendant Balderas filed his answer generally denying the allegations in the complaint (Doc. 70).  In responding to the above paragraph, Balderas alleges:

> 29. Defendant Balderas admits that that he has, from time to time, responded to consumer complaints on behalf of one or more of the defendant entities, but denies the remaining allegation in Paragraph 29.

(Doc. 70, p. 5).

In setting forth his affirmative defenses, Balderas does not allege lack of personal jurisdiction. He does state that he "intend[s] to rely upon such other affirmative and other defenses as may become available or apparent during the course of discovery . . . ." (Doc. 70, p. 10). On November 1, 2023, Balderas' attorneys sought to withdraw as counsel of record (Doc. 77); after a hearing (Doc. 85), that motion was granted (Doc. 87).

Balderas, who is now proceeding *pro se*, filed the pending motion on December 8, 2023 arguing lack of personal jurisdiction and failure to state a claim upon which relief can be granted including a lack of liability for corporate practices and lack of specific allegations as to his involvement and authority (Doc. 91). He states that he has not resided in this district since 2015 (before the events in the Complaint) and that he is a low-level employee of the corporate defendants without any executive decision-making power.

**II.     Discussion**

Federal Rule of Civil Procedure 12 governs the filing of a responsive pleading including motions to dismiss. Rule 12(a)(1)(A)(ii) provides that an answer must be served within 60 of a timely waiver of service. If a party wishes to assert certain enumerated defenses however, including lack of personal jurisdiction or failure to state a claim, a motion asserting those defenses must be filed prior to filing an answer. Id. 12(b), 12(b)(2). "A defendant waives the requirement of personal jurisdiction, however, if it fails to raise the defense in its first pre-answer motion, or if no motion is filed in its answer." Vallone v. CJS Solutions Group, LLC, 9 F.4th 861, 864 (8th Cir. 2021) (citing Fed.R.Civ.P. 12(h)(1). If a party files such a motion, then it "may not make another

motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Id. 12(g)(2).

Balderas already has filed a motion to dismiss ostensibly for lack of personal jurisdiction and failure to state a claim on February 8, 2023. This Court considered the arguments contained in Balderas' briefs and issued a ruling on the same on September 22, 2023. Therefore, pursuant to Rule 12(g), Balderas cannot now bring a second motion to dismiss based on arguments raised (and rejected) in his first motion. Nor can he raise any additional or related defenses that he could have raised in his first motion to dismiss but did not. All of the arguments made in the pending motion were available to Balderas when he filed his first motion and have been, or should have been, raised at that time. Moreover, Balderas did not raise lack of personal jurisdiction in his answer and has accordingly waived the same. Vallone, 9 F.4th at 864. Accordingly, Balderas has waived or forfeited any personal jurisdiction or failure to state a claim argument or indeed any argument that he could have raised in his first motion to dismiss. For this reason alone, his motion must be denied.

In addition, Balderas sets forth a number of facts that are not contained in any pleading. This Court would not consider such arguments on a motion to dismiss, which is generally limited to facts made in pleadings. See Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015) ("A court generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim or for judgment on the pleadings."); Fed.R.Civ.P. 12(d). Such facts and arguments can and should be made in a motion for summary judgment so long as they are supported by admissible evidence. See Fed.R.Civ.P. 56.

Finally, even if Balderas had not waived his lack of personal jurisdiction argument this Court has personal jurisdiction based on the pleadings before the undersigned. As the Complaint

alleges, Balderas worked for and was an executive in Missouri businesses and allegedly lived in this jurisdiction during the relevant time period.  Such contacts are sufficient to establish personal jurisdiction.  See Ford Motor Company v. Montana Eighth Judicial District Court, 592 U.S. ___, 141 S.Ct. 1017, 1024-1025 (2021) (outlining personal jurisdiction considerations).

**III.** **Conclusion**

For the foregoing reason, Defendant Balderas' (second) Motion to Dismiss (Doc. 91) is **DENIED**.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of February, 2024