UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22 CV 1243 JMB |
| ) | |
| CONSUMER LAW PROTECTION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Now pending before the Court are Plaintiffs' Motion to Amend the Complaint (Doc. 122) and Defendant Eduardo Balderas' Motion to Quash (Doc. 126).  For the reasons set forth below, the Motion to Amend is **GRANTED** and the Motion to Quash is **DENIED**.

**I.   Motion to Amend**

When Plaintiffs filed this suit, they named two trusts as Defendants: The Jake and Avery Irrevocable Trust Dated September 11, 2019 (Jake Trust) and The Maggie and Lucy Irrevocable Trust Dated September 11, 2019 (Maggie Trust).  Attorneys James B. Martin and James G. Martin currently represent the Jake Trust and attorney N. Scott Rosenbloom represented the Maggie Trust until February 5, 2024.  As discussed at the Federal Rule of Civil Procedure 16 Conference, held on November 30, 2023, there was some question as to whether the trusts were properly named in the Complaint pursuant to Rule 17 (Doc. 87).  Plaintiffs now seek to substitute the trustees for the trusts in an amended complaint, Kimberly Carroll and Timothy McFadden for the Jake Trust, and LouAnn Reed for the Maggie Trust.  Plaintiffs also seek to add two new Defendants, Resort Legal Service, LLC and Square One Corporate Offices, LLC.  Plaintiffs alleges identical claims against these new Defendants.  Plaintiffs do not seek to change the substantive claims.

Defendants (except the Maggie Trust, George Reed, LouAnn Reed, Scott Jackson, and Eduardo Balderas) object to the motion. They argue that Plaintiffs have been dilatory, that permitting additional defendants would require additional time for discovery, and that the newly named Defendants would be prejudiced.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend a pleading with the opposing party's consent or leave of court and that "[t]he court should freely give leave when justice so requires." It is within the district court's discretion to deny amendment if there is "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Reuter v. JAX Ltd., Inc., 711 F.3d 918, 922 (8th Cir. 2013) (quotation marks and citation omitted). When there is also a scheduling order that sets forth a deadline for amendment of pleadings, it is within this court's broad discretion to determine "when exceptions to these deadlines are appropriate." Knoth v. Smith & Nephew Richards, 195 F.3d 355, 358 (8th Cir. 1999). The deadline for seeking leave to amend is April 12, 2024; therefore, Plaintiffs' motion is timely.

Leave to amend will be granted as there can be no prejudice to Defendants. The trusts have been represented by counsel throughout these proceedings even though they have been named incorrectly.[1] Each of the trustees are either a party to this lawsuit or must be aware of its existence and the naming of the trusts and the retention of counsel. As such, there can be no question that the trusts will not be prejudiced by being improperly named. Moreover, any discovery that they may seek to conduct must overlap with discovery already completed or anticipated (which may significantly reduce time and cost). As to the additional Defendants, allegations against them in the proposed amended complaint are identical to the allegations against each of the corporate

---

[1] It is the Court's understanding that attorney Christopher J. Lawhorn will represent the Maggie Trust once properly named and served.

Defendants. Again, any discovery that they may wish to conduct would surely overlap with discovery already completed or anticipated. Finally, while some of the current Defendants argue that the claims against them may be futile, such arguments are best made in a motion to dismiss.

## II.     Motion to Quash

Defendant Balderas seeks to quash a third-party subpoena directed at Bluevine (an online financial institution) and concerning bank account records of Balderas Holdings, LLC. Defendant argues that the information sought is irrelevant to this lawsuit and unreasonably encroaches on his privacy. Plaintiffs state that other discovery reveals that Resort Legal Service (one of the new Defendants added above), among other entities related to Defendants, have transferred substantial sums of money to Balderas Holdings, LLC allegedly related to the timeshare exit services that are central to their allegations. They further note that any privacy concerns are governed by the protective order. Neither party has provided a copy of the subpoena.

Federal Rule of Civil Procedure 26(b) provides that a party may seek "discovery regarding nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case . . . ." Rule 45(d)(3) provides that a subpoena may be quashed or modified if it requires the disclosure of protected information or subjects a person to undue burden. While the scope of Rule 26 is broad, this court has the "discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 361 (8th Cir. 2003). Defendant states that none of the monies held by Balderas Holdings, LLC are related to this lawsuit and that disclosure of the same may result in the revelation of his own personal, private, and unrelated financial dealings.

This lawsuit is complex, concerning multiple allegedly interrelated persons and organizations and involving substantial sums of money. Plaintiffs represent that Balderas

Holdings, LLC's financial records are relevant to determining Defendants' sales and profits and the identity of other entities related to Defendants' timeshare business.  While the information may turn out to be inadmissible, it does appear that it is relevant to Plaintiffs' claims that Defendants' charged clients without providing a concomitant service as advertised.  Certainly, Defendant Balderas is entitled to his privacy with respect to matters wholly unrelated to these proceedings.  However, Balderas Holdings, LLC is a separate legal entity from Defendant Balderas himself and it is unclear what privilege he may asserts as to its financial records.  And, Plaintiffs are not required to accept Defendant's explanation of the significance (or lack thereof) of the funds in question.  To the extent that Defendant Balderas may be burdened by the disclosure of the information sought, any such privileged or confidential financial information is subject to the protective order – thus mitigating any risk posed by the disclosure of the financial records.

### III.     Conclusion

For the foregoing reasons, Plaintiffs' Motion to Amend the Complaint (Doc. 122) is **GRANTED** and Defendant Eduardo Balderas' Motion to Quash (Doc. 126) is **DENIED**. Plaintiffs shall file their Amended Complaint forthwith.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of April, 2024