UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA, *et al.*;

  Plaintiffs,

v.

CONSUMER LAW PROTECTION, LLC, *et al.*;

  Defendants.

Case No. 4:22-cv-01243-JMB

### STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF AS TO DEFENDANT EDURADO BALDERAS

Plaintiff the United States of America, acting upon notification and referral by the Federal Trade Commission ("Commission" or "FTC"), and Plaintiff the State of Wisconsin, filed their Complaint for Permanent Injunction, Monetary Relief, Civil Penalties, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, civil penalties, and other relief in this matter, pursuant to Sections 5(m)(1)(A), 13(b), 16(a)(1), and 19 of FTC Act, 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a)(1), and 57b, the Rule Concerning Cooling-Off Period for Sales Made at Homes or at Certain Other Locations (the "Cooling-Off Rule"), 16 C.F.R. Part 429, the Wisconsin Direct Marketing Rule, Wis. Admin. Code § ATCP chapter 127 ("Wisconsin Direct Marketing Rule"), and the Wisconsin Fraudulent Misrepresentation Law, Wis. Stat. § 100.18. *See* ECF No. 1. Defendant Eduardo Balderas ("Defendant") has waived service of the summons and the Complaint. *See* ECF No. 21. Plaintiffs and Defendant Balderas stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

    **THEREFORE, IT IS ORDERED** as follows:

## FINDINGS

1. The Court has jurisdiction over this matter.

2. The Complaint charges that the Defendant participated in deceptive and unfair acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the Cooling-Off Rule, 16 C.F.R. Part 429, the Wisconsin Direct Marketing Rule, Wis. Admin. Code § ATCP chapter 127, and the Wisconsin Fraudulent Misrepresentation Law, Wis. Stat. § 100.18, in the advertising, marketing, promotion, offering for sale, or sale of Timeshare Exit Services.

3. The Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, the Defendant admits the facts necessary to establish jurisdiction.

4. The Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5. The Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Consumer Goods or Services**" means goods or services purchased, leased, or rented primarily for personal, family, or household purposes, including courses of instruction or training regardless of the purpose for which they are taken.

B. "**Defendant**" means Eduardo Balderas.

C. "**Defendants**" means any or all of the Defendants in this action, including Consumer Law Protection, LLC; Consumer Rights Council; Premier Reservations Group, LLC;

Resort Transfer Group, LLC; Square One Development Group, Inc.; Square One Group, LLC; Timeshare Help Source; Resort Legal Service, LLC; Square One Corporate Offices, LLC; Farmington Allegiance, LLC; Mainline Partners, LLC; Kimberly Carroll, as a Trustee and a Beneficiary of The Jake and Avery Irrevocable Trust Dated September 11, 2019; Janet Sue Hackworth as a Beneficiary of The Jake and Avery Irrevocable Trust Dated September 11, 2019; Christopher Carroll; George Reed; LouAnn Reed; Scott Jackson; and Eduardo Balderas.

      D.      "**Door-to-Door Sale**" means a sale, lease, or rental of Consumer Goods or Services in which the Seller or his representative personally solicits the sale, including those in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is made at a place other than the Place of Business of the Seller, including sales at facilities rented on a temporary or short-term basis such as hotel or motel rooms, convention centers, fairgrounds and restaurants; sales at the buyer's residence or dormitory; or sales at the buyer's workplace, and which has a Purchase Price of $25 or more if the sale is made at the buyer's residence or a Purchase Price of $130 or more if the sale is made at locations other than the buyer's residence, whether under single or multiple contracts.

      E.      "**Place of Business**" means the main or permanent branch office or local address of a Seller.

      F.      "**Product or Service**" means any good or service, including any plan or program.

      G.      "**Seller**" means any person, partnership, corporation, or association engaged in the Door-to-Door sale of Consumer Goods or Services.

      H.      "**Timeshare**" means any right of ownership or occupancy in any vacation property or properties (including, but not limited to, condominiums, resorts, campgrounds, and cruise ships) that provides rights-holders with periodic usage or occupancy rights. The term shall include

"points-based" programs that provide similar ownership or occupancy benefits.

I. "**Timeshare Exit Service**" means any good, service, plan or program represented, expressly or by implication, to assist an individual:

1. In terminating the contract regarding or otherwise exiting or canceling the individual's Timeshare; or

2. In advertising, marketing, promoting, offering for sale or rent, or selling or renting the individual's Timeshare.

## ORDER

### I. PERMANENT BAN ON TIMESHARE EXIT SERVICE

**IT IS THEREFORE ORDERED** that starting 30 days from the entry of this Order, Defendant is permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of, any Timeshare Exit Service.

### II. PROHIBITION AGAINST UNFAIR AND DECEPTIVE DOOR-TO-DOOR SALES

**IT IS FURTHER ORDERED** that the Defendant, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, in connection with any Door-to-Door Sale, are permanently restrained and enjoined from:

A. Failing to furnish buyers with a receipt or contract informing them of their right to cancel a transaction within three business days;

B. Failing to furnish buyers with a "NOTICE OF CANCELLATION" or "NOTICE OF RIGHT TO CANCEL" in duplicate, that buyers can use to cancel a transaction;

C. Including in buyers' contracts a waiver of their rights under the Cooling-Off Rule

and related state laws;

      D.      Failing to orally inform buyers of their right to cancel a transaction;

      E.      Misrepresenting to buyers their right to cancel;

      F.      Failing to honor valid notices of cancellation and within ten (10) business days after the receipt of such notice by refunding to buyers all payments made under a contract; and

      G.      Violating the Cooling-Off Rule, 16 C.F.R. Part 429.

### III.    PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that the Defendant, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any Product or Service, are permanently restrained and enjoined from:

      A.      Misrepresenting or assisting others in misrepresenting, expressly or by implication, any affiliation with, accreditation by, or relationship between a Seller and any person, organization, trade association, government unit, or other entity; or

      B.      Misrepresenting or assisting others in misrepresenting, expressly or by implication, or failing to disclose or disclose adequately:

          1      Whether an heir would be responsible for the debts or financial obligations of a decedent;

          2.      The total costs of a Product or Service;

          3.      Any material restrictions, limitations, or conditions of a Product or Service;

          4.      Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy;

  5. Any material aspect of a Product or Service's performance, efficacy, nature, or central characteristics; or

  6. Any other fact material to consumers concerning any Product or Service.

## IV. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

 A. A civil penalty judgment in the amount of $565,881.31 is entered in favor of the Plaintiff United States against the Defendant.

 B. Defendant is ordered to pay Plaintiff the United States, by making total payment to the Treasurer of the United States, $5,000.00, which, as Defendant stipulates, his undersigned counsel holds in escrow for no purpose other than payment to Plaintiff the United Staes. Such payment must be made within 30 days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of Plaintiff. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

 C. The Plaintiffs' agreement to the suspension of part of Defendant's judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Defendant's sworn financial statement and related documents (collectively, "financial representations") submitted to the Plaintiffs. The suspension of judgment will be lifted as to the Defendant if upon motion by any Plaintiff, the Court finds that the Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations. If the suspension of judgment is lifted, the judgment becomes immediately due as to the Defendant in the amount specified in subsections IV.A above, less any payment previously made pursuant to this Section, plus interested computed from the date of entry of this Order.

## V. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. In any subsequent civil litigation or proceeding to enforce rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in a bankruptcy case, the facts alleged in the Complaint will be taken as true, without further proof, and shall establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A). This Order will have collateral estoppel effect for such purposes.

C. The Defendant agrees that the civil penalty judgment entered in favor of Plaintiff United States represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Defendant, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

D. The Defendant acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which he previously submitted to Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

## VI. CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that the Defendant, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. Disclosing, using, or benefiting from customer information, including the name,

address, telephone number, email address, Social Security Number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendant obtained prior to entry of this Order in connection with the advertising, marketing, promoting, offering for sale, or selling of any Timeshare Exit Service; and

      B.    Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of any Plaintiff.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII.   <u>COOPERATION WITH PLAINTIFFS</u>

**IT IS FURTHER ORDERED** the Defendant must provide truthful and complete information, evidence, and testimony. The Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Plaintiff representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Plaintiff representative may designate, without the service of a subpoena.

## VIII.   <u>ORDER ACKNOWLEDGMENTS</u>

**IT IS FURTHER ORDERED** that the Defendant obtains acknowledgements of receipt of this Order:

      A.    The Defendant, within seven (7) days of entry of this Order, must submit to Plaintiffs and the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For five (5) years after entry of this Order, the Defendant for any business that the Defendant, individually or collectively with any other Defendants, is a partial or majority owner of, or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before he assumes his responsibilities.

C.  From each individual or entity to which the Defendant delivered a copy of this Order, the Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

### IX.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that the Defendant make timely submissions to Plaintiffs and the Commission:

A.  One (1) year after entry of this Order, the Defendant must submit a compliance report, sworn under penalty of perjury:

1.  The Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiffs may use to communicate with the Defendant; (b) identify all of the Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other

Defendant (which the Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how the Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to Plaintiffs and the Commission.

        2.        Additionally, the Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he or she performs services whether as an employee or otherwise and any entity in which he or she has any ownership interest; and (c) describe in detail her or his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

    B.    For five (5) years after entry of this Order, the Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

        1.        The Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any corporation or any entity that the Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

        2.        Additionally, the Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he or she performs services whether as an employee or otherwise and any entity in which he or she has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

    C.    The Defendant must submit to Plaintiffs and the Commission notice of the filing of

any bankruptcy petition, insolvency proceeding, or similar proceeding by or against the Defendant within fourteen (14) days of its filing.

   D. Any submission to Plaintiffs or the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

   F. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin:  *United States and State of Wisconsin v. Consumer Law Protection, LLC*.

   G. Unless otherwise directed by a representative of the United States in writing, all submissions to the United States pursuant to this Order must be emailed to Wesline.N.Manuelpillai@usdoj.gov. The subject line must begin:  *United States and State of Wisconsin v. Consumer Law Protection, LLC*.

   G. Unless otherwise directed by a State of Wisconsin representative in writing, all submissions to the State of Wisconsin pursuant to this Order must be emailed to beilinlw@doj.state.wi.us or sent by the U.S. Postal Service to:  Wisconsin Department of Justice, Post Office Box 7857, Madison, Wisconsin 53707-7857. The subject line must begin:  *United States and State of Wisconsin v. Consumer Law Protection, LLC*.

## X.  RECORDKEEPING

**IT IS FURTHER ORDERED** that the Defendant must create certain records for Five (5) years after entry of the Order, and retain each such record for five (5) years. Specifically, the Defendant for any business that he, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Bank records for all accounts for which the Defendant is the signer and/or owner;

C. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

D. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission and Plaintiffs;

F. A copy of each unique advertisement or other marketing material; and

G. Copies of agreements, applications, and contracts with suppliers, payment processors, and list brokers.

## XI.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring the Defendant's compliance with this Order, including the financial representations upon which part of the civil penalty judgment was suspended and any failure to transfer any assets as required by this Order:

A. Within fourteen (14) days of receipt of a written request from a representative of the Commission or any Plaintiff, the Defendant must: submit additional compliance reports or

other requested information, including regarding the Defendant's past or current involvement or position in any business entity, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiffs are authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

      B.      For matters concerning this Order, the Commission and Plaintiffs are authorized to communicate directly with the Defendant. The Defendant must permit representatives of the Commission and Plaintiffs to interview any employee or other person affiliated with the Defendant who has agreed to such an interview. The person interviewed may have counsel present.

      C.      The Commission and Plaintiffs may use all other lawful means, including posing, though their representatives as consumers, suppliers, or other individuals or entities, to the Defendant or any individual or entity affiliated with the Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

      D.      Upon written request from a representative of the Commission or any Plaintiff, any consumer reporting agency must furnish consumer reports concerning the Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED**, this __8th__ day of _____July_____, 2025.

/s/ John M. Bodenhausen
_____
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

**SO STIPULATED AND AGREED:**

<u>**FOR PLAINTIFFS**</u>:

**FOR THE UNITED STATES OF AMERICA:**

|  |  |
|---|---|
| Dated: May 9, 2025 | YAAKOV M. ROTH<br>Acting Assistant Attorney General,<br>Civil Division<br><br>AMANDA N. LISKAMM<br>Director<br><br>LISA K. HSIAO<br>Deputy Director, Civil Litigation<br><br>ZACHARY A. DIETERT<br>Assistant Director<br>Consumer Protection Branch<br><br>s/ *Wesline N. Manuelpillai*<br>WESLINE N. MANUELPILLAI (Bar # 90001965) MEREDITH REITER (Bar # 6325095IL) SARAH WILLIAMS (Bar # 1006622DC) SEAN SAPER (Bar # 1736442DC)<br>Trial Attorneys<br>P.O. Box 386<br>Washington, DC 20044<br>Phone: (202) 353-2809<br>Wesline.N.Manuelpillai@usdoj.gov<br>Meredith.L.Reiter@usdoj.gov<br>Sarah.Williams@usdoj.gov<br>Sean.z.saper@usdoj.gov<br>Attorneys for Plaintiff<br>THE UNITED STATES OF AMERICA |

**STATE OF WISCONSIN:**

Dated: May 29, 2025

JOSHUA L. KAUL
Attorney General, State of Wisconsin

/s/*Lewis W. Beilin*
LEWIS W. BEILIN
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3076
beilinlw@doj.state.wi.us
Attorney for Plaintiff
STATE OF WISCONSIN

**FOR DEFENDANT**

**FOR DEFENDANT EDUARDO BALDERAS:**

_____    Dated: \_\_\_May 9\_\_\_, 2025
Kirk Bowman, Esq.
BOWMAN LAW LLC
13321 N. Outer Forty Road
Suite 800
Town and Country, MO 63017
314-960-8851
kirk@bowmanstl.com
COUNSEL FOR EDUARDO BALDERAS


**DEFENDANT:**

_____    Dated: \_5/8_____, 2025
EDUARDO BALDERAS