UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22 CV 1243 JMB |
| ) | |
| CONSUMER LAW PROTECTION, LLC, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant Christopher Carroll's Motion to Stay Enforcement of Judgment and Specified Provisions of Order Pending Appeal (Doc. 288) and Motion for Limited Injunction Pending Appeal (Doc. 289).  For the reasons set forth below, the Motion to Stay Enforcement is **DENIED** and the Motion for Limited Injunction is **DENIED**.

On March 30, 2026, summary judgment was granted in favor of Plaintiffs and against Carroll (Doc. 284).  On that same day, this Court entered an Order of permanent injunction, monetary judgment, and other relief (Doc. 285).  Defendant Carroll filed a notice of appeal on April 9, 2026 (Doc. 287).  In his motions before this Court, Carroll seeks to stay or enjoin various aspects of that Order including monetary penalties and judgments and reporting requirements (Doc. 284 Sections IV, V, VIII, and IX, and X).  He argues that present enforcement of monetary sanctions and compliance reporting and disclosures would be unduly burdensome and unrecoverable if he were to prevail on appeal of this matter.   Plaintiffs object.

The execution of a judgment in a civil case is automatically stayed for 30 days. Fed.R.Civ.P. 62(a).  Thereafter, a party may seek an additional stay or the suspension of an injunction "by providing a bond or other security."  Fed.R.Civ.P. 62(b) and (d).  In considering

whether the stay a judgment or suspend an injunction, the Court should look to four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Nken v. Holder, 556 U.S. 418 433 (2009) (noting an overlap between these factors and those governing a preliminary injunction).  As to the bond, while the Court has discretion to allow other forms of security, "'[a] full supersedeas bond is the norm.'"  Estate of Snyder v. Julian, 1:11cv24 LMB, 2014 WL 668191, at *1-2 (E.D. Mo. Feb. 20, 2014) (quoting United States v. Mansion House Ctr. Redevelopment Co., 682 F. Supp. 446, 449 (E.D. Mo. 1988)).  A supersedeas bond "'essentially serves as a guarantee by the appellant that he will satisfy the judgment plus interest and costs if it is affirmed on appeal.'"  Id. (quoting Mansion House, 682 F. Supp. at 449 n.5.)).  Any other form of security, such as a letter of credit, must also provide "sufficient protection for the judgment creditor."  State Auto Prop. & Cas. Ins. Co. v. Sigismondi Foreign Car Specialists, Inc., 586 F. Supp. 3d 328, 330 (E.D. Pa. 2022) (quotation omitted).  When considering whether to approve a letter of credit as a form of security, "the district court should ensure that the letter will assure full payment throughout the appellate proceedings."  Id. at 330-31.

Defendant has not demonstrated that this Court should exercise its discretion and stay this matter pending resolution of the appeal.  Defendant has not made a strong showing, or any showing, that he will likely succeed on the merits of his appeals.  Besides outlining this Court's findings, Defendant makes no effort to demonstrate that he has any meritorious issues for appeal. Defendant has not shown that he will be irreparably injured absent a stay.  Besides making conclusionary statements about the burdensome nature of the judgment, there is no demonstration

of irreparable injury.  As to the final two factors, it should be noted that this case was premised on Defendants' years long fraud of consumers.  The public interest could not be served by staying judgment.

In addition, Defendant has made no attempt to post the necessary bond, provide a concrete plan for securing a bond, nor has he demonstrated that anything less than a bond covering the full amount of the judgment is justified.  See, e.g., Federal Trade Commission v. Neiswonger, 2008 WL 11434564, *1-2 (E.D. Mo. 2008); United States v. Peters, 2014 WL 4205065, *2 (E.D. Mo. 2014) ("If a court chooses to depart from the usual requirement of a full security supersedeas bond[,] it should place the burden on the moving party to objectively demonstrate the reasons for such departure. It is not the burden of the judgment creditor to initiate contrary proof." (quoting United States v. O'Callaghan, 805 F.Supp.2d 1321, 1324-25 (M.D. Fla. 2011)); See also Dillon v. City of Chicago, 866 F.2d 902, 904–05 (7th Cir. 1988) (setting forth factors used to determine whether the bond requirement could be waived).  The burden is on Defendant to demonstrate that he is entitled to relief under Rule 62 and he has not met his burden.

For the foregoing reasons, Defendant Christopher Carroll's Motion to Stay Enforcement of Judgment and Specified Provisions of Order Pending Appeal (Doc. 288) and Motion for Limited Injunction Pending Appeal (Doc. 289) are **DENIED**.

/s/ John M. Bodenhausen
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of May, 2026.